DA 11-0663

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 257N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

DEAN MARVIN KIPPENHAN,

Defendant and Appellant.

APPEAL FROM:     District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 08-0585
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Jennifer A. Giuttari, Montana Legal Justice, PLLC, Missoula, Montana

For Appellee:

Steve Bullock, Montana Attorney General; Katie F. Schulz, Assistant
Attorney General, Helena, Montana

Scott Twito, Yellowstone County Attorney; Ann-Marie McKittrick, Deputy
County Attorney, Billings, Montana

Submitted on Briefs:  October 24, 2012
Decided:  November 13, 2012

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Dean Marvin Kippenhan (Kippenhan) appeals the District Court's order denying his motion to withdraw his guilty plea. We affirm.

¶3 The State charged Kippenhan with two counts of felony incest and one count of misdemeanor unlawful transactions with children. Kippenhan eventually entered into a plea agreement with the State whereby he agreed to enter a guilty plea to the charge of felony incest. The State agreed to recommend a sentence of 25 years of imprisonment in the Montana State Prison with ten years suspended.

¶4 Problems arose during Kippenhan's allocution. The District Court inquired of Kippenhan what he had done that made him guilty of committing felony incest. Kippenhan responded he had "sexual contact with my daughter." The court asked Kippenhan specifically whether he had sexual intercourse with his daughter as alleged in the information. Kippenhan responded, "I don't know. The evidence shows that I did. We were drinking." The court further inquired whether the sexual contact with his daughter went to the extent of sexual intercourse. Kippenhan responded, "I want to believe that it didn't, but evidence shows that it did, so I'm taking responsibility." The evolution of Kippenhan's guilty plea into an *Alford* plea prompted the State to make an offer of proof.

¶5 The State's offer of proof consisted of the following information. Kippenhan took his two daughters, ages 16 and 12, and their friends to a hotel in Billings, Montana. Kippenhan supplied alcohol to the girls, all of whom were minors. Kippenhan and several of the girls also smoked marijuana. Kippenhan made advances toward his 16-year-old daughter. At one point, he told the daughter that he wanted to have oral sex with her to which the daughter responded "No," and the two continued to drink. Kippenhan ignored the girl's objection and proceeded to pull down her pants to perform oral sex on her. Kippenhan then began having vaginal intercourse with his 16-year-old daughter. Kippenhan's 12-year-old daughter and two other friends returned to the hotel room to discover Kippenhan and his 16-year-old daughter engaged in sexual intercourse. The 16-year-old daughter ran naked into the bathroom upon the arrival of her sister and the friends. Kippenhan remained naked in the bed. DNA evidence taken from Kippenhan's 16-year-old daughter was found on a sample taken from Kippenhan's scrotum and a pair of his underwear.

¶6 The District Court eventually accepted Kippenhan's guilty plea to felony incest. The presentence investigation included a psychosexual evaluation completed by Michael Sullivan. Sullivan recommended that Kippenhan enter into a community-based sex offender treatment program after his release from prison to complete Phase II of the sex offender treatment program. Condition No. 28 of the PSI required Kippenhan to enter and complete successfully a sex offender treatment program.

¶7 The District Court sentenced Kippenhan consistent with the State's recommended term of 25 years to the Montana State Prison with ten years suspended. The court further required Kippenhan to "participate in a full outpatient sexual offender treatment program,

3

regardless of the fact that you will have completed Phase I and possibly Phase II of treatment in prison." Kippenhan did not object.

¶8 The court issued its written sentencing order on July 22, 2010. The court issued a nunc pro tunc order on December 20, 2010, that clarified that Kippenhan must "complete Level I Sex Offender Treatment while in the Montana State Prison and [upon release he] must enter into and complete the Sex Offender Treatment Program."

¶9 Kippenhan filed a motion to withdraw his *Alford* plea on February 14, 2011. Kippenhan argued that the court's imposition of the requirement that he complete a Level I sex offender treatment program while at the Montana State Prison exceeded the terms of the plea agreement and thereby entitled him to rescind the agreement. The State responded that Montana law requires that any person convicted of a sexual offense who is sentenced to a term of imprisonment at the Montana State Prison must complete successfully the education phase of the sex offender treatment program. With regard to Kippenhan's objection to the requirement that he complete Phase II of the sex offender treatment program upon his release from prison, the State pointed out that § 46-18-207(5)(d), MCA, mandates that an offender complete Phase II of the program upon release from prison. Kippenhan appeals.

¶10 We review a district court's findings in its order regarding a defendant's motion to withdraw a guilty plea to determine whether it is clearly erroneous. *State v. Stephenson*, 2008 MT 64, ¶ 13, 342 Mont. 60, 179 P.3d 502. We review the District Court's conclusions of law to determine if they are correct. *Stephenson*, ¶ 13. We review de novo the legality of a criminal sentence. *Stephenson*, ¶ 15. It is manifest on the face of the briefs and the record

4

before us that substantial evidence supports the District Court's findings and that the District Court correctly applied the law to those findings.

¶11    Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JIM RICE