DA 06-0775

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 229

STATE OF MONTANA,

       Plaintiff and Respondent,

   v.

HERMAN KRUM,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DC 03-93,
Honorable Wm. Nels Swandal, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Kevin S. Brown, Paoli & Brown, P.C., Livingston, Montana

       For Respondent:

              Honorable Mike McGrath, Attorney General; C. Mark Fowler,
Assistant Attorney General, Helena, Montana

              Brett D. Linneweber, County Attorney, Livingston, Montana

Submitted on Briefs:  August 22, 2007

Decided:  September 11, 2007

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Defendant Herman Krum appeals his conviction for two counts of felony sexual assault. As part of Krum's sentence, the District Court ordered him to pay "assessments" to three community entities. Krum challenges the sentence's legality, and argues that the District Court was without authority to impose these assessments. We reverse and remand with instructions to strike the illegal portion of the sentence.

¶2 We restate the issues as follows:

¶3 I. Did the District Court err in sentencing Krum to pay a $5,000 assessment to the Park County Court Automation Fund, a $2,500 assessment to the Tri-County Network for Domestic Violence, and a $2,500 assessment to Park County Big Brothers and Sisters as part of his sentence for felony sexual assault?

¶4 II. If so, what is the appropriate remedy?

## BACKGROUND

¶5 On June 30, 2006, a jury found Herman Krum guilty of two counts of felony sexual assault under § 45-5-502(1), (3), MCA (2001). Krum's victim, K.G., was a nine-year-old female.

¶6 Following the trial, the district probation officer prepared a pre-sentence investigation report (PSI). Krum underwent a psychosexual evaluation, which identified him as a Level I Low Risk Offender. The PSI recommended a suspended prison sentence, so that Krum might begin a sex offender treatment program sooner. The PSI also recommended multiple conditions of probation, including payment of restitution to the victim, and prohibition of all contact with children under the age of eighteen. None

2

of the recommended conditions contained a requirement to pay fines or assessments to community entities.

¶7      At Krum's sentencing hearing, the victim and her family members testified in opposition to Krum's release on any form of probation.  Two other witnesses testified that they had also been sexually assaulted by Krum.  The District Court sentenced Krum to the Montana Department of Corrections for twenty years.  The term was suspended with the exception of two years, as provided for under § 45-5-502 at the time.  Section 45-5-502(3), MCA (2001).  The District Court's sentence was subject to a number of terms and conditions, including the successful completion of an approved sex offender treatment program and payment of restitution to the victim's family.

¶8      The District Court also imposed the following condition:

> The defendant has sufficient funds to pay a $5,000.00 assessment to the Park County Court Automation Fund, $2,500.00 to the Tri-County Network for Domestic Violence, and $2,500.00 to Park County Big Brothers and Sisters, all to give back to society and those who assist and help others who are victims of these type of offenses.

This is the only provision of the sentence which Krum appeals.

## STANDARD OF REVIEW

¶9      This Court reviews a criminal sentence for legality to determine whether the sentence is within the statutory parameters.  *State v. Hicks*, 2006 MT 71, ¶ 41, 331 Mont. 471, ¶ 41, 133 P.3d 206, ¶ 41.  *See also State v. Ruiz*, 2005 MT 117, ¶ 8, 327 Mont. 109, ¶ 8, 112 P.3d 1001, ¶ 8.

3

## DISCUSSION

¶10    **I. Did the District Court err in sentencing Krum to pay a $5,000 assessment to the Park County Court Automation Fund, a $2,500 assessment to the Tri-County Network for Domestic Violence, and a $2,500 assessment to Park County Big Brothers and Sisters?**

¶11    The district court's authority to sentence a criminal defendant is both defined and constrained by statute. *Hicks*, ¶ 41. *See also Ruiz*, ¶ 12. It is well established that "the court has no power to impose a sentence in the absence of specific statutory authority." *Hicks*, ¶ 41. *See also Ruiz*, ¶ 12. Thus, "a sentence not based on statutory authority is an illegal sentence." *Hicks*, ¶ 41 (citing *Ruiz*, ¶ 12).

¶12    A.    <u>Are the assessments authorized as statutory fines for the crime of sexual assault?</u>

¶13    A person convicted of sexual assault may be fined up to $50,000, if the victim is less than sixteen years old and the offender is three or more years older than the victim. Section 45-5-502(3), MCA (2001). Here, Krum was more than six decades older than his victim, who was nine years old at the time of the assault. Thus, the District Court had statutory authority to fine Krum in an amount up to $50,000 for each of his felony sexual assault convictions.

¶14    The District Court did not include a fine per se in Krum's sentencing, but did include several "assessments" to be paid to community entities which serve victims of sexual abuse.

4

¶15   The Montana Code requires that all funds collected as fines or costs from a criminal defendant must be paid by the clerk of the district court to the Montana Department of Revenue for deposit into the General Fund.  Section 46-18-235(1)(a), MCA.  Here, however, the District Court ordered that the assessments be paid to community entities instead of the Department of Revenue.  The District Court cannot redirect the money collected from the defendant simply by labeling it an "assessment" instead of a "fine."  The State has not identified any statutory authority which would allow district courts to redirect the disposition of fines collected from criminal defendants.  Thus, the "assessments" ordered by the District Court cannot be considered "fines" authorized by § 45-5-502(3), MCA.

¶16   B.   Are the assessments authorized as a necessary and reasonably related limitation on the sentence?

¶17   The State argues that the District Court had discretion to impose the assessments as restrictions or conditions on the sentence under § 46-18-202(1)(f), MCA.  This section provides that the sentencing judge may impose "any other limitation reasonably related to the objectives of rehabilitation and the protection of the victim and society" where necessary.  Section 46-18-202(1)(f), MCA.

¶18   This Court has upheld two types of sentencing conditions under § 46-18-202(1)(f): first, limitations on a defendant's conduct, and second, payments of restitution from the defendant to the victim.  *See e.g. Ruiz*, ¶ 11; *State v. Vernes*, 2006 MT 32, ¶ 30, 331 Mont. 129, ¶ 30, 130 P.3d 169, ¶ 30.  In evaluating the legality of a condition under § 46-18-202(1)(f), we will consider whether a reasonable nexus between the condition and the

5

underlying felony exists. *See e.g. State v. Armstrong*, 2006 MT 334, ¶¶ 10-11, 335 Mont. 131, ¶¶ 10-11, 151 P.3d 46, ¶¶ 10-11.

¶19    We have held that in limited instances, § 46-18-202(1)(f) "authorizes restitution in cases where there is a connection between the crime and the pecuniary loss of the victim." *Vernes*, ¶ 30. *See also State v. McIntire*, 2004 MT 238, ¶ 18, 322 Mont. 496, ¶ 18, 97 P.3d 576, ¶ 18. In *McIntire*, we found that this section authorized the payment of restitution to the victim, because there was "a direct connection and correlation between the burglary and the pecuniary loss to the victim." *McIntire*, ¶ 18. In *Vernes*, the restitution was also paid directly from the defendant to the victim, this time to cover the victim's medical costs. *Vernes*, ¶ 30.

¶20    The State argues that the assessments are reasonably related to Krum's underlying felony convictions. However, it is unnecessary for us to consider whether the assessments have a sufficient nexus to Krum's crimes, because § 46-18-202(1)(f) does not provide the necessary statutory authority for imposing the assessments in the first place. The assessments ordered by the District Court are not "limitations" on Krum's conduct. Instead, they are affirmative duties to make donations to community entities. Neither can the assessments be characterized as restitution, because the money is being paid to community entities rather than to the victim. The District Court separately provided for the victim's compensation and restoration by ordering Krum to pay restitution for her counseling costs. Restitution paid directly to the victim may be authorized by § 46-18-202(1)(f), but payments made to third party organizations are not.

6

¶21 In sum, the assessments are not authorized by either § 45-5-502(3) or § 46-18-202(1)(f). Without express statutory authority, the District Court may not impose the assessments as part of Krum's sentence. Thus, the portions of the sentence pertaining to the assessments are illegal.

¶22 **II. If so, what remedy is appropriate?**

¶23 The remedy for an illegal sentence varies. Where the illegal portion of the sentence is a condition of a suspended sentence, this Court has typically remanded with instructions to strike the offending portion. *Hicks*, ¶ 44. Where the illegal portion affects the entire sentence, or in instances where this Court is unable to tell what action the trial court would have taken under a correct application of the law, remand for resentencing is the preferred remedy. *Hicks*, ¶ 44.

¶24 Here, the illegal part of the sentence is only one of several conditions placed on Krum's sentence. Without the illegal assessments, Krum will still have to pay over $10,000 in restitution to the victim and to the Park County Detention Center, and in various administrative fees and surcharges. He will have to serve at least two years in prison. Krum's sentence also contains over twenty other detailed terms and conditions, including the requirement of completing an approved sex offender treatment program, and the absolute prohibition of all contact with the victim and all other children under the age of eighteen.

¶25 After reviewing the sentence in its entirety, it is clear that the decision to strike the illegal assessments will not affect the rest of the sentence. We are confident that the remaining portions of the sentence meet the State's statutory goals of punishing the

offender, rehabilitating both the victim and the offender, and protecting the victim and the public.  Section 46-18-101(2), MCA**.**

## CONCLUSION

¶26 The District Court erred in sentencing Krum to pay "assessments" of $5,000 to the Park County Court Automation Fund, $2,500 to the Tri-County Network for Domestic Violence, and $2,500 to Park County Big Brothers and Sisters.  These assessments were made without statutory authority, and as such, are illegal.  Thus, we reverse and remand with instructions to strike the illegal portion of the sentence.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS