DA 07-0151

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 208

---

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

JERRY GENE VanWINKLE, JR.,

      Defendant and Appellant.

FILED

JUN 17 2008

Ed Smith
CLERK OF THE SUPREME COURT
STATE OF MONTANA

---

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 06-401
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Brian C. Smith; Office of the Public Defender Missoula, Montana

    For Appellee:

        Hon. Mike McGrath, Montana Attorney General; Mark Mattioli,
Assistant Attorney General, Helena, Montana

        Fred Van Valkenburg, Missoula County Attorney; Patricia Bower,
Deputy County Attorney, Missoula, Montana

---

Submitted on Briefs:  January 8, 2008

Decided:  June 17, 2008

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Jerry Gene VanWinkle, Jr. (VanWinkle) appeals from the judgment entered by the Fourth Judicial District Court, Missoula County, on his conviction and sentence for felony burglary. We reverse and remand with instructions.

¶2     The issue on appeal is whether the District Court imposed an illegal sentence when it ordered VanWinkle to pay an $85 fee to the local community service program as a condition of his deferred imposition of sentence.

## BACKGROUND

¶3     On November 30, 2006, VanWinkle pled guilty to felony burglary pursuant to a plea agreement he entered into with the State of Montana (State). In exchange for the guilty plea, the State agreed to recommend to the District Court that VanWinkle receive a three-year deferred imposition of sentence, subject to various conditions. Two of the specified conditions in the agreement provided that VanWinkle would complete 150 hours of community service and "shall pay a fine to go to the community service program in the amount of $85.00. Said fine shall be paid through the Clerk of District Court and according to a schedule as set by his/her probation officer." The plea agreement further specified that VanWinkle "shall receive credit against his fine for pre-trial incarceration." The District Court accepted VanWinkle's guilty plea, scheduled a sentencing hearing and ordered preparation of a presentence investigation report (PSI). The PSI concurred in the State's

2

recommendation of a three-year deferred imposition of sentence, subject to conditions. The PSI also recommended specific conditions, including Condition No. 13 requiring that VanWinkle "shall pay a fee of $85.00 to the Community Service Program."

¶4 At the sentencing hearing, VanWinkle objected to Condition No. 13 on the basis that the condition required payment of a "fee," whereas the plea agreement provided for payment of the $85 to the community service program as a "fine." VanWinkle also argued that the District Court was without statutory authority to impose the payment as a fee. The District Court overruled VanWinkle's objection, observing that the condition was one the judges in the Fourth Judicial District had agreed to institute as a local rule and was to be designated as a fee. The District Court subsequently entered its written judgment deferring imposition of VanWinkle's sentence for a three-year period with conditions, including that VanWinkle complete 150 hours of community service and Condition No. 13 that he "shall pay a fee of $85.00 to the Community Service Program." VanWinkle appeals.

## STANDARD OF REVIEW

¶5 VanWinkle challenges the legality of his sentence. We review the legality of a criminal sentence to determine whether the sentence is within applicable statutory parameters. *State v. Armstrong*, 2006 MT 334, ¶ 8, 335 Mont. 131, ¶ 8, 151 P.3d 46, ¶ 8.

## DISCUSSION

¶6 *Did the District Court impose an illegal sentence when it ordered VanWinkle to pay an $85 fee to the local community service program as a condition of his deferred imposition of sentence?*

3

¶7     VanWinkle challenges the District Court's imposition of Condition No. 13 as illegal because there is no statute authorizing sentencing courts to impose a fee for the support of local community service programs. In response, the State first raises the threshold argument that VanWinkle waived his right to challenge Condition No. 13 by explicitly and voluntarily agreeing to pay $85 to the community service program when he signed the plea agreement. The State contends VanWinkle should not be allowed to evade his agreement by challenging the condition as being denominated a fee, rather than a fine as specified in the agreement, because "whether the assessment is considered a fee or a fine does not 'affect the substantial rights of the defendant' . . . ." VanWinkle replies that the distinction between a "fine" and a "fee" is not mere semantics, but has repercussions on a defendant obligated to make the payment. Thus, according to VanWinkle, he was not—and is not—barred from challenging the District Court's imposition of the condition as a fee. We agree with VanWinkle.

¶8     Contrary to the State's assertion, denominating a monetary obligation imposed on a criminal defendant as a fee, rather than a fine, can "affect the substantial rights of the defendant." For example, § 46-18-403(2), MCA, provides that any defendant against whom a fine is imposed upon conviction must be allowed credit against that fine for each day served in incarceration prior to the conviction. We have held that the term "fine" as used in this statute does not encompass fees, costs or other court-imposed monetary obligations. *Voerding v. State*, 2006 MT 125, ¶ 16, 332 Mont. 262, ¶ 16, 136 P.3d 502, ¶ 16. Thus, a

4

defendant may only receive credit for pre-conviction incarceration against "fines" and not against "fees."

¶9 Here, while the District Court expressly included in its written judgment that VanWinkle was entitled to $7,275 credit toward his fines as a result of 97 days of pre-conviction incarceration, the court deferred imposition of sentence and did not impose any fine. Had the District Court imposed the $85 fine to which the parties agreed in the plea agreement—and assuming, *arguendo*, such a fine would otherwise be legal—VanWinkle would not have been obligated to pay it. In light of these facts, we conclude VanWinkle's plea agreement with the State to pay a fine of $85 did not bar him from challenging the District Court's imposition of the condition as a fee. We turn, then, to the merits of VanWinkle's contentions.

¶10 It is well-established that a district court's authority to impose a sentence in a criminal case is defined and constrained by statute. *State v. Blackwell*, 2001 MT 198, ¶ 6, 306 MT 267, ¶ 6, 32 P.3d 771, ¶ 6. Thus, "'a district court has no power to impose a sentence in the absence of specific statutory authority.'" *Blackwell*, ¶ 6 (quoting *State v. Hatfield*, 256 Mont. 340, 346, 846 P.2d 1025, 1029 (1993)). As stated above, VanWinkle contends that no statute authorizes the District Court to impose a fee for the support of a local community service program.

¶11 We recently addressed the identical issue raised here in *State v. Stephenson*, 2008 MT 64, 342 Mont. 60, 179 P.3d 502. In that case, Stephenson entered into a plea agreement with

the State by which he agreed to plead guilty to one felony and two misdemeanor offenses in exchange for the State's agreement to recommend the district court impose an aggregate sentence of three years, all suspended on specified conditions. Stephenson further agreed to any additional probation conditions recommended in the PSI. *Stephenson*, ¶¶ 2-3. One of the additional recommended conditions in the PSI was that Stephenson pay a fine of $85 to the local community service program. *Stephenson*, ¶ 4. At the sentencing hearing, Stephenson objected to this condition on the basis that it was not included in the plea agreement. Notwithstanding Stephenson's objection, the district court imposed the condition and noted that, although the $85 payment was denominated a fine, it viewed the payment as in the nature of a surcharge fee. *Stephenson*, ¶¶ 5-6. Stephenson moved to withdraw his guilty plea, the district court denied the motion and Stephenson appealed. *Stephenson*, ¶¶ 7 and 9.

¶12 On appeal, we addressed the legality of the condition as both a "surcharge fee" and a "fine." We observed that, although various Montana statutes authorize imposing specified fees and surcharges when sentencing a defendant, no statute "authorizes an assessment 'in the nature of [a] surcharge fee' to be paid to the community service program." *Stephenson*, ¶ 29. We further determined that, while § 46-18-231, MCA, authorizes a sentencing court to impose a fine on a defendant in either a felony or misdemeanor case, § 46-18-235, MCA, requires that money collected from the imposition of a fine must be paid to specified entities. No statute authorizes a district court to impose a fine and order the fine be paid to a local

6

community service program. *Stephenson*, ¶ 28. Consequently, we held that the condition requiring Stephenson to pay $85 to the local community service program, as either a surcharge fee or a fine, was illegal and must be stricken from the sentence. *Stephenson*, ¶ 36. Similarly, in this case, no statute authorizes the District Court to require that Van Winkle pay $85 to the local community service program as either a fee or a fine.

¶13 The State contends, however, that the District Court was authorized to impose the $85 assessment as "a reasonable restriction or condition" on Van Winkle's sentence pursuant to §§ 46-18-201(4)(o) and -202(1)(f), MCA. Addressing the latter statute first, § 46-18-202(1)(f), MCA, provides that a sentencing judge may impose certain restrictions or conditions on a sentence "that the judge considers necessary to obtain the objectives of rehabilitation and the protection of the victim and society . . ." including "any other limitation reasonably related to the objectives of rehabilitation and the protection of the victim and society." We previously have upheld two types of sentencing conditions under this provision: conditions limiting a defendant's conduct and conditions requiring payment of restitution to a victim of the offense. *See State v. Krum*, 2007 MT 229, ¶ 18, 339 Mont. 154, ¶ 18, 168 P.3d 658, ¶ 18.

¶14 In *Krum*, we held that sentencing conditions which require a defendant to pay monetary assessments to local community entities are not "limitations" on a defendant's conduct, but rather affirmative duties to make donations to those entities. Further, such assessments cannot be considered restitution when the money is being paid to community

7

entities which are not victims of the offense for which the defendant is being sentenced. *Krum*, ¶ 20. Thus, the assessments were not authorized by the express language of § 46-18-202(1)(f), MCA, and were illegal. *Krum*, ¶ 21. Similarly, here, Condition No. 13 requiring VanWinkle pay an $85 fee to the local community service program is not a "limitation" on VanWinkle's conduct, but an affirmative obligation to pay money to a local entity. Nor can the condition be considered restitution, because the local community service program is not a victim of VanWinkle's burglary offense. Consequently, § 46-18-202(1)(f), MCA, does not authorize imposition of Condition No. 13.

¶15 Section 46-18-201(4)(o), MCA—the second statute upon which the State relies—provides that, when deferring imposition or suspending execution of all or a portion of a defendant's sentence, the sentencing court may impose on a defendant "any reasonable restrictions or conditions . . ." including those "considered necessary for rehabilitation or for the protection of the victim or society . . . ." We recently held that, when imposing a sentencing condition pursuant to this provision, the condition must have "a nexus to either the offense for which the offender is being sentenced, or to the offender himself or herself." *State v. Ashby*, 2008 MT 83, ¶ 15, 342 Mont. 187, ¶ 15, 179 P.3d 1164, ¶ 15. In other words, there must be factual support in the record, specific to the individual case before the sentencing court, which justifies imposition of the condition in that case.

¶16 Here, the record reflects that the District Court did not impose Condition No. 13 based on a nexus between the condition and either VanWinkle's offense or VanWinkle himself. In

8

responding to VanWinkle's objection to Condition No. 13, the District Court stated that the condition was "one of the local rules in the district that the judges all agreed to . . . it's a uniform condition of all the four judges here." Nothing in § 46-18-201(4)(o), MCA, authorizes trial judges to simply agree—by local rule or otherwise—to impose a particular condition on all defendants being sentenced in their judicial district.

¶17   Finally, the State contends that Condition No. 13 is statutorily authorized as a legitimate cost. We disagree.

¶18   Section 25-10-201, MCA, enumerates various costs of litigation which a trial court may award the prevailing party in an action, including at subsection (9), "such other reasonable and necessary expenses as are taxable according to the course and practice of the court or by express provision of law." Moreover, § 46-18-232, MCA, provides that a sentencing court may require a convicted defendant to pay costs as defined in § 25-10-201, MCA. However, "[s]uch costs shall be limited to expenses specifically incurred by the prosecution in connection with the proceedings against the defendant." Section 46-18-232(1), MCA. Here, the $85 to be paid in support of the local community service program was not a cost incurred by the State in prosecuting VanWinkle for the burglary offense. Consequently, Condition No. 13 is not authorized as a cost pursuant to §§ 46-18-232 and 25-10-201, MCA.

¶19   We conclude that Condition No. 13—requiring VanWinkle to pay an $85 fee to the local community service program—is not statutorily authorized and, therefore, is illegal. As

9

a result, we hold the District Court imposed an illegal sentence when it ordered VanWinkle to pay an $85 fee to the local community service program as a condition of his deferred imposition of sentence. Accordingly, we reverse the District Court's imposition of Condition No. 13 and remand this case with instructions to the District Court to strike the condition from VanWinkle's sentence.

¶20 Reversed and remanded for further proceedings consistent with this Opinion.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

10

Justice Patricia O. Cotter concurs.

¶21    I concur with the Court's Opinion, but write separately to acknowledge what I believe is a good point raised by the Dissent. Specifically, I agree with the Dissent that a fee may be assessed against a defendant to cover the costs of his participation in a rehabilitative program. Here, however, it does not appear that the District Court imposed the $85 fee in connection with the order that the defendant complete 150 hours of community service. The order to pay the fee is set forth as Condition 13, and it follows seriatim the assessment of other fees in the court's sentencing order. The directive to participate in community service is set forth later in the order at Condition 19. Moreover, as the Court notes, the District Court, upon VanWinkle's objection to Condition 13, said the condition was "one of the local rules in the district that the judges all agreed to . . . it's a uniform condition of all the four judges here." Opinion, ¶ 16. Based upon this affirmative representation, in combination with the disjunctive imposition of the fee and the order of community service, I must agree with the Court that the fee in this instance was of the nature imposed in *Stephenson*, and is for that reason unlawful. I therefore concur.

_____
                Justice

11

Justice Jim Rice, dissenting.

¶22 On a daily basis, sentencing courts impose conditions which require defendants to participate in such programs as anger management counseling, sex offender treatment, mental health or chemical dependency evaluations, parenting classes, and to complete various community service tasks, in order to further their rehabilitation. Today the Court holds that, despite having broad discretion to impose such conditions, sentencing courts are powerless to require defendants to pay the fee which makes their participation in such programs possible. In my opinion this decision not only lacks common sense, but is an absurd rendering of the sentencing statutes.

¶23 I agree that "[n]othing in § 46-18-201(4)(o), MCA, authorizes trial judges to simply agree—by local rule or otherwise—to impose a particular condition on all defendants being sentenced in their judicial district[,]" Opinion, ¶ 16, and that a sentencing court is prohibited from instituting a uniform sentencing scheme that fails to meet the *Ashby* nexus requirement as applied to each individual defendant. However, these general principles ignore the fact that, as applied to VanWinkle, Condition 13 is a related condition aimed at recouping rehabilitation costs for VanWinkle's own rehabilitation.

¶24 Pursuant to the plea agreement, VanWinkle agreed to "complete 150 hours of community service" and to "pay a fine to go to the community service program in the amount of $85.00." The District Court subsequently imposed payment of the $85 "fine" as a "fee." Accordingly, the Court likens this case to our decisions in *Krum* and

12

*Stephenson.* However, neither case requires the broad rule which the Court imposes today.

¶25 In *Krum*, the defendant was required to pay large sums of money to local non-profit organizations such as Big Brothers and Sisters. *Krum*, ¶ 8. We concluded that the assessments constituted "affirmative duties to make donations to community entities" and were illegal sentencing conditions pursuant to § 46-18-202(1)(f), MCA. *Krum*, ¶ 20. In *Stephenson* we determined that the same $85 fee at issue here was impermissible because the court lacked statutory authority to impose it as a condition of sentencing. *Stephenson*, ¶ 33. Because the instant case involves the same $85 fee as in *Stephenson* the Court concludes that the issues are "identical." Opinion, ¶ 11. However, they are. We did not consider in either *Krum* or *Stephenson* a sentence requiring payment of a program fee by a defendant who participates in the program as part of his sentence.

¶26 Here, as a participant in the community service program, VanWinkle was ordered to pay an $85 fee *to that program.* Unlike our decisions in *Krum* and *Stephenson*, the fee at issue here is neither a random charity payment nor a standard sentencing assessment imposed to raise money for a court program. Rather, this fee was assessed to cover the costs of VanWinkle's own participation in a rehabilitative program. Sentencing courts are authorized, pursuant to statute, to impose reasonable conditions, including a wide array of rehabilitative programs, and I believe the only reasonable interpretation of that same statutory authority allows a court to impose a requirement for payment of the very fees necessary for defendants to attend the programs.

13

¶27 While the Court is rightly worried about blanket sentencing conditions, that is not the issue here. Unfortunately, this holding will undermine legitimate sentencing authority and interfere with the rehabilitative efforts which courts are making in thousands of cases. I dissent.

_____
Justice