DA 07-0490

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 440

STATE OF MONTANA,

Plaintiff and Appellee,

v,

MICHELLE LARAE JONES,

Defendant and Appellant.

FILED

DEC 2 9 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Sixteenth Judicial District,
In and For the County of Custer, Cause No. DC-06-23
Honorable Gary L. Day, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Jim Wheelis, Chief Appellate Defender, Helena, Montana

For Appellee:

Hon. Mike McGrath, Montana Attorney General; Mark W. Mattioli,
Assistant Attorney General; Helena, Montana

Wyatt Glade, Custer County Attorney, Miles City, Montana

Submitted on Briefs:  August 19, 2008

Decided:  December 29, 2008

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Michelle Larae Jones (Jones) appeals from the judgment entered by the Sixteenth Judicial District Court, Custer County, on her conviction and sentence for the offense of felony criminal distribution of dangerous drugs. We affirm in part, reverse in part and remand with instructions.

¶2 Jones raises the following issues on appeal:

¶3 1. Did the District Court err in failing to suppress the recording of a telephone conversation between Jones and a confidential informant?

¶4 2. Did the District Court err in imposing various conditions on Jones's sentence?

## BACKGROUND

¶5 On the morning of December 22, 2005, Marjorie Marie Brown (Brown), who previously had agreed to act as a confidential informant for the Eastern Montana Drug Task Force (Task Force), contacted Agent Ben Brewer (Brewer) to inform him that she had arranged to buy one-half ounce of marijuana from Cody Butler (Butler). At the time, Butler was Jones's boyfriend and the two resided together. Later that morning, Brown telephoned Butler's home to confirm arrangements for the drug purchase. Jones answered the telephone and told Brown that Butler was hiding from some people and had asked her to complete the drug transaction with Brown. Jones and Brown made arrangements to meet later that day. This telephone conversation was tape-recorded by Brewer with Brown's consent and without

a search warrant. Jones and Brown later met in a restroom at the Miles Community College where Jones provided Brown one-half ounce of marijuana in exchange for $100.

¶6   The State of Montana (State) subsequently charged Jones by information with one count of felony criminal distribution of dangerous drugs. Jones moved the District Court to dismiss the charge on the grounds of entrapment and to suppress the tape recording of the telephone conversation. The District Court held an evidentiary hearing, following which it denied both of Jones's motions. Jones and the State then entered into a plea agreement in which Jones agreed to plead guilty to the charged offense in exchange for the State's agreement to recommend the District Court defer imposition of sentence for three years. The plea agreement also provided that Jones would pay $125 restitution to the Task Force and that she reserved her right to appeal the District Court's ruling on her pretrial motions. The District Court accepted Jones's guilty plea, set a sentencing hearing and ordered preparation of a presentence investigation report (PSI).

¶7   The PSI concurred in the 3-year deferred imposition of sentence and set forth 25 recommended probation conditions. Following the sentencing hearing, the District Court ordered that imposition of Jones's sentence be deferred for two years subject to 24 conditions. The court also ordered Jones to pay $125 restitution to the Task Force. The court entered judgment on the conviction and sentence. Jones appeals.

### DISCUSSION

¶8   *1. Did the District Court err in failing to suppress the recording of the telephone conversation between Jones and Brown?*

¶9     Jones moved the District Court to suppress the tape recording of the telephone conversation between she and Brown, relying on two cases—*State v. Goetz*, No. 05-676 (Mont. filed Oct. 12, 2005) and *State v. Hamper*, No. 05-539 (Mont. filed Aug. 4, 2005)— which were then pending on appeal in this Court, but not yet decided. She essentially asserted that the warrantless recording violated her rights under Article II, Sections 10 and 11 of the Montana Constitution. The District Court denied her motion to suppress, concluding that the warrantless recording of a conversation with the consent of one party to the conversation is lawful. Jones asserts error. We review a district court's ruling on a motion to suppress to determine whether the court's findings of fact are clearly erroneous and its interpretation and application of the law correct. *State v. Copelton*, 2006 MT 182, ¶ 8, 333 Mont. 91, ¶ 8, 140 P.3d 1074, ¶ 8.

¶10    On appeal, Jones again asserts that the facts and issue in this case are substantially similar to those in *Goetz* and *Hamper*, and argues this case should be resolved in conformity with the outcome in those cases. Although those cases were still pending at the time of briefing in this appeal, we recently issued our decision in those cases in *State v. Goetz*, 2008 MT 296, 345 Mont. 421, 191 P.3d 489. In *Goetz*, the defendants appealed from the denials of their respective motions to suppress tape recordings of one-on-one, in-person conversations between the defendants and confidential informants which occurred in the defendants' homes and, in one instance, in a vehicle. *Goetz*, ¶¶ 5-8.

4

¶11 We previously have addressed the specific issue of whether the warrantless consensual monitoring and recording of a telephone conversation constitutes an unreasonable search in violation of the Montana Constitution. We did so in *State v. Coleman*, 189 Mont. 492, 502-03, 616 P.2d 1090 1096 (1980); *State v. Canon*, 212 Mont. 157, 162-63, 687 P.2d 705, 708 (1984); and *State v. Brown*, 232 Mont. 1, 6-7, 755 P.2d 1364, 1368 (1988) (overruled on other grounds in *Goetz*, ¶ 24). Jones does not cite to, discuss or analyze *Coleman*, *Canon*, or *Brown*. Nor does Jones present any analysis of the factors applicable in determining whether an unreasonable—or unlawful—search occurred as contemplated by Article II, Sections 10 and 11 of the Montana Constitution, those factors being whether Jones had an actual expectation of privacy which society is willing to recognize as objectively reasonable and the nature of the state's intrusion upon that expectation of privacy. *See Goetz*, ¶ 27.

¶12 The appellant bears the burden of establishing error by the district court. *State v. Hicks*, 2006 MT 71, ¶ 22, 331 Mont. 471, ¶ 22, 133 P.3d 206, ¶ 22. Furthermore, it is not this Court's obligation to conduct legal research on an appellant's behalf or develop legal analysis supporting an appellant's position. *Hicks*, ¶ 22. We conclude Jones has failed to establish that the District Court erred in refusing to suppress the recording of a telephone conversation between Jones and a confidential informant.

¶13 *2. Did the District Court err in imposing various conditions on Jones's sentence?*

¶14 The District Court deferred imposition of Jones's sentence for 2 years, subject to 24 enumerated conditions and the payment of restitution. On appeal, Jones asserts that 4 of the

5

enumerated conditions—specifically, Conditions 7, 12, 13 and 22—are illegal and should be stricken from her sentence because they have no nexus to either Jones or the offense of criminal distribution of dangerous drugs to which she pled guilty. Jones also contends that the condition that she pay $125 restitution to the Task Force is illegal because it is outside the scope of the District Court's statutory sentencing authority.

¶15 We generally review probation conditions included in a criminal sentence for legality first, determining whether they fall within statutory parameters. *State v. Ashby*, 2008 MT 83, ¶ 9, 342 Mont. 187, ¶ 9, 179 P.3d 1164, ¶ 9. We recognize that, even if the conditions are otherwise legal, additional sentencing statutes authorize reasonable conditions on deferred or suspended sentences considered necessary for rehabilitation or the protection of the victim or society. We review the reasonableness of such conditions under an abuse of discretion standard. *Ashby*, ¶ 9. To be reasonable, such conditions must have "a nexus to either the offense for which the offender is being sentenced, or to the offender himself or herself." *Ashby*, ¶ 15.

¶16 As stated above, Jones challenges Conditions 7, 12, 13 and 22 of her sentence on the basis that they have no nexus to either her or her offense. She did not object to Conditions 7, 13 and 22 during the sentencing hearing, however, and we generally refuse to address issues on appeal absent an objection in the trial court. *State v. Kotwicki*, 2007 MT 17, ¶ 8, 335 Mont. 344, ¶ 8, 151 P.3d 892, ¶ 8. An exception to this general rule exists, however. We will review a criminal sentence alleged to be illegal, or in excess of statutory parameters,

6

even where the defendant failed to object to the sentence in the trial court. *See State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979). We have held, however, that "a sentencing court's failure to abide by a statutory requirement rises to an objectionable sentence, not necessarily an illegal one that would invoke the *Lenihan* exception." *Kotwicki*, ¶ 13.

¶17 We recently have held that a defendant's challenge to a sentencing condition on the basis that no evidence of record establishes a nexus between the condition and the defendant or the defendant's offense "is merely a contention that his sentence is objectionable, not that it is illegal." *State v. Hameline*, 2008 MT 241, ¶ 14, 344 Mont. 461, ¶ 14, 188 P.3d 1052, ¶ 14. Therefore, Jones's arguments that the District Court erred in imposing Conditions 7, 13 and 22 because they have no nexus to her or her offense are assertions that the conditions are objectionable, rather than illegal. As a result, the *Lenihan* exception is inapplicable and Jones is barred from raising these arguments on appeal.

¶18 Jones did object to Condition 12, which prohibits her from consuming alcohol/intoxicants or entering establishments where intoxicants are the chief item of sale, in the trial court. This condition—while not among the statutorily-enumerated sentencing conditions set forth in § 46-18-201(4)(a)-(n), MCA—may nevertheless be reasonably related to the objectives of rehabilitating the offender and protecting the victim and society under §§ 46-18-201(4)(o) and -202(1)(f), MCA, if it has a nexus to either the offense for which the offender is being sentenced or to the offender herself. *See Ashby*, ¶ 15. If a sentencing

condition does not have such a nexus, the sentencing court has abused its discretion in imposing it.

¶19 Here, it is undisputed that alcohol was not a factor in—or related in any way to—Jones's offense of criminal distribution of dangerous drugs. The question remains whether a nexus exists between the alcohol prohibition condition and Jones herself.

¶20 We previously have cautioned that

> courts may impose offender-related conditions only in those cases in which the history or pattern of conduct to be restricted is recent, and significant or chronic. A passing, isolated, or stale instance of behavior or conduct will be insufficient to support a restrictive probation condition imposed in the name of offender rehabilitation.

*Ashby*, ¶ 15. Where a defendant has a recent and significant or chronic history of drug abuse and dependency, we have upheld alcohol-restriction conditions as having a nexus to the offender—regardless of whether the defendant has a specific history of alcohol abuse—based on the possibility of the defendant's addictive tendencies causing him or her to substitute alcohol for drugs. *See e.g. State v. Winkel*, 2008 MT 89, ¶¶ 15-16, 342 Mont. 267, ¶¶ 15-16, 182 P.3d 54, ¶¶ 15-16; *State v. Brotherton*, 2008 MT 119, ¶ 23, 342 Mont. 511, ¶ 23, 182 P.3d 88, ¶ 23; *State v. Greensweight*, 2008 MT 185, ¶ 28, 343 Mont. 474, ¶ 28, 187 P.3d 613, ¶ 28. In contrast, where there is no evidence that a defendant has a drug or alcohol dependency problem, an alcohol-restriction probation condition has no nexus to the offender and its imposition is an abuse of discretion. *See Ashby*, ¶ 19.

¶21 Here, the PSI indicated that Jones's criminal history consisted of two prior traffic-related misdemeanor offenses. She has no prior felonies and no drug- or alcohol-related convictions. The PSI further indicated that Jones self-reported that she does not use alcohol and had not used marijuana for three years prior to being arrested for the instant offense. The probation and parole officer who prepared the PSI made no suggestion, either in the PSI or at the sentencing hearing, that Jones appeared untruthful or evasive when discussing her alcohol and drug use. There is no evidence that Jones has used drugs other than marijuana at any time. The PSI noted, however, that Jones's deceased father was an alcoholic. Upon questioning by the District Court at the sentencing hearing, the probation officer stated the alcohol-restriction condition was appropriate because the underlying offense was a drug offense and the court agreed. No other reason for the condition was given, either at the sentencing hearing or in the court's written judgment.

¶22 The State points out that, at the evidentiary hearing on Jones's motions to dismiss and suppress, informant Brown testified that she had "done drugs maybe twice" with Jones prior to the date on which the drug transaction occurred. However, Brown also testified that she had known Jones for three or more years, and she did not testify as to when during those years she had "done drugs" with Jones. Thus, Brown's testimony does not contradict Jones's assertion that she had not used marijuana for three years prior to her arrest. Furthermore, "[a] passing, isolated, or stale instance of behavior or conduct" is an insufficient basis upon which to ground an offender-related restrictive probation condition. *Ashby*, ¶ 15.

9

¶23 We conclude that the evidence and circumstances of this case do not establish that Jones has a recent, significant or chronic drug dependency and abuse problem establishing a nexus between an alcohol-related restrictive probation condition and her rehabilitative needs. We conclude, therefore, that the District Court abused its discretion in imposing Condition 12.

¶24 Finally, Jones argues that the requirement in her sentence that she pay $125 restitution to the Task Force is beyond the District Court's statutory sentencing authority and, therefore, illegal because the Task Force is not a victim of her criminal distribution of dangerous drugs offense. She cites *State v. Krum*, 2007 MT 229, ¶ 20, 339 Mont. 154, ¶ 20, 168 P.3d 658, ¶ 20, for the proposition that a defendant cannot be ordered to pay restitution to third-party organizations such as state and local community entities which are not actual victims of the underlying offense. Jones further asserts that, although the Task Force could be considered a victim pursuant to § 46-18-243(2)(a)(vi), MCA, her agreement to pay the $125 restitution in the plea agreement was given under duress. Under the facts and circumstances of this case, we conclude she is incorrect.

¶25 It is undisputed that full restitution to any victim suffering a pecuniary loss is a statutorily permissible part of a sentence under § 46-18-241(1), MCA. Section 46-18-243(2)(a)(vi), MCA, defines the term "victim," in part, as "any person or entity whom the offender has voluntarily agreed to reimburse as part of a voluntary plea bargain."

¶26    In the present case, the plea agreement—signed by both Jones and her counsel, as well as the State's counsel—expressly provided that Jones "will pay restitution in the amount of $125.00 to the Eastern Montana Drug Task Force." Documentation appended to the PSI indicated that the restitution included repayment of the $100 provided by the Task Force to Brown to purchase the marijuana from Jones and $25 paid to Brown for her services as a confidential informant. Jones has not established that, at the time she and her counsel signed the plea agreement agreeing to pay the $125 restitution to the Task Force, she was under any duress to do so; nor did she attempt to withdraw her guilty plea on that, or any, basis. Finally, *Krum* did not involve a situation where restitution was agreed to in a plea agreement and, therefore, that case is inapplicable here. *See Krum*, ¶¶ 5-8.

¶27    We conclude that, because Jones agreed in her plea agreement to pay restitution to the Task Force, the Task Force is a "victim" as defined by § 46-18-243(2)(a)(vi), MCA, to whom the District Court could require Jones to pay restitution. As a result, the District Court did not err in imposing the $125 restitution obligation on Jones's sentence.

¶28    In summary, we hold that Jones is barred from challenging Conditions 7, 13 and 22 of her sentence on the basis they have no nexus to her or the underlying offense because she failed to object to those conditions in the District Court. We further hold that the District Court abused its discretion in imposing Condition 12, prohibiting Jones from consuming alcohol/intoxicants or entering establishments where intoxicants are the chief item of sale, because there is no nexus between the condition and either Jones herself or the offense of

11

criminal distribution of dangerous drugs. Finally, we hold that the District Court did not err in ordering Jones to pay $125 in restitution to the Task Force because she agreed to do so in her plea agreement.

¶29 Affirmed in part, reversed in part and remanded with instructions to the District Court to strike Condition 12 from Jones's sentence.

_____
Chief Justice

We concur:

_____

_____

_____
Justices

12

Justice Jim Rice, concurring in part and dissenting in part.

¶30 I concur with the result under Issue 1 under a different rationale and with most of Issue 2. I dissent from the Court's reversal of the alcohol condition, Condition 12, under Issue 2.

¶31 Jones' challenge to the tape recording of her telephone conversation with informant Brown is an issue this Court has previously decided contrary to her position. In the cases the Court cites in ¶ 11, we held that telephone conversations of the kind challenged here are not subject to a warrant requirement. These holdings were consistent with the deliberations of the delegates to the 1972 Constitutional Convention regarding the right to privacy, as explained by Delegate Dahood:

> First of all, this does not in any way relate to the obscene phone call situation, nor does it relate to the ability of the telephone company to make the traces. The logic and the reason is this: all personal rights, constitutional or otherwise, may be waived. Lady A is receiving the obscene phone call. She waives her right and grants the telephone company the right to intercept that communication. The individual that's making the call does not have the right to privacy with respect to violating the law and making the obscene phone calls, so as a consequence, we are not interfering with anyone's rights by having the telephone company attempt to intercept and discover and determine who the caller is; we are protecting the right to privacy. So as a consequence, may I say that that objection would not be one that we would have to worry about under the law . . . .

Montana Constitutional Convention, Verbatim Transcript, March 7, 1972, p. 1686. Based upon the specific statements of the constitutional convention delegates and the holdings of our cases, I would affirm Issue 1.

13

¶32 Under Issue 2, I would affirm all of the challenged Conditions, including Condition 12, the alcohol condition. Jones was convicted in this proceeding of a crime related to substance abuse—the criminal distribution of dangerous drugs. She is an illegal drug user herself, and the evidence demonstrates that she has maintained relationships with drug users and dealers, including Brown and Butler. In my view, a sufficient nexus is presented by the record to justify imposition of the alcohol condition under our cases.

_____
Justice

Justice John Warner joins the concurring and dissenting Opinion of Justice Rice.

_____
Justice

14