No. 00-743

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 198

STATE OF MONTANA,

Plaintiff and Respondent,

v.

CHARLENE BLACKWELL,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

Honorable Marge Johnson, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Carl B. Jensen, Jr., Public Defender's Office, Great Falls, Montana

For Respondent:

Honorable Mike McGrath, Attorney General; Ilka Becker, Assistant

Attorney General, Helena, Montana

Brant Light, County Attorney, Great Falls, Montana

Submitted on Briefs: April 26, 2001
Decided: September 27, 2001

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 On October 8, 1999, the State of Montana charged Charlene Blackwell by Information in the Eighth Judicial District Court, Cascade County, with four traffic-related offenses, including felony driving under the influence of alcohol (DUI). After rejecting an initial plea bargain offer, Blackwell ultimately pled guilty to the DUI offense, pursuant to a plea agreement, on the day set for trial. On March 6, 2000, the District Court entered an Order assessing Blackwell one-half of the costs of the jury, which included a clerk's salary for one day. The court sentenced Blackwell on September 11, 2000, and entered judgment accordingly. Blackwell appeals from the Order assessing costs. We reverse.

¶2 The issue on appeal is whether the District Court erred in assessing certain costs against Blackwell pursuant to a local court rule.

¶3 Local Rule 11E in the District Court states that, in the event "a jury trial setting is vacated pursuant to settlement or a motion within 5 days of trial, the parties or any of them may be assessed jury costs incurred, including a clerk's salary for one day." Over Blackwell's counsel's objections, the District Court assessed one-half of the total costs of $641.20 to the State and one-half to Blackwell in its March 6, 2000, Order. The subsequent Judgment of Conviction and Sentencing Order does not contain the assessment.

¶4 Blackwell contends assessment of the jury costs is a penalty which could be rendered only in compliance with sentencing statutes, that sentencing statutes were not applied here and that, in any event, the sentencing statutes do not permit assessment of part of a clerk's salary. She also contends that the assessment of such costs against an indigent defendant, pursuant to the sentencing statutes, requires a hearing on ability to pay and that the District Court did not hold such a hearing. For these reasons, she contends the jury-related costs assessment portion of her sentence is illegal.

¶5 The State argues, on the other hand, that this is not a sentencing issue because the

District Court utilized Local Rule 11E, rather than the sentencing statutes, in assessing the costs. It further maintains that the imposition of costs was proper pursuant to the rule. We disagree.

¶6 "It is well-established that a district court's authority to impose sentences in criminal cases is defined and constrained by statute." *State v. Nelson*, 1998 MT 227, ¶ 24, 291 Mont. 15, ¶ 24, 966 P.2d 133, ¶ 24 (citing *State v. Wilson* (1996), 279 Mont. 34, 37, 926 P.2d 712, 714). Furthermore, "a district court has no power to impose a sentence in the absence of specific statutory authority." *State v. Hatfield* (1993), 256 Mont. 340, 346, 846 P.2d 1025, 1029 (citations omitted).

¶7 In the present case, it is undisputed that the District Court could have imposed "costs of jury service" as part of Blackwell's sentence, after a proper determination that Blackwell "is or will be able to pay them." *See* § 46-18-232(1) and (2), MCA. It does not appear, however, that § 46-18-232(1), MCA, would have authorized the sentencing court to include any portion of a clerk's salary in the costs imposed. Presumably, the clerks in Cascade County are employees who work regular work hours and days regardless of what duties are to be performed on a given day. Consequently, the salary for such a clerk would not be an expense "specifically incurred by the prosecution in connection with the proceedings against the defendant" under § 46-18-232(1), MCA.

¶8 In the situation before us the District Court did not apply § 46-18-232, MCA, at all. Instead, it relied on Local Rule 11E for the assessment of the costs at issue and did not include those costs in its Judgment of Conviction and Sentencing Order. In arguing that the court did not err, the State necessarily posits that district courts may adopt whatever local rules they may desire which impose penalties on a criminal defendant-without regard to whether they are authorized by, or consistent with, sentencing statutes-and avoid both statutory and jurisprudential constraints on their sentencing authority by merely imposing such penalties via separate order in advance of the judgment and sentence in a case. Not surprisingly, perhaps, the State cites to no authority for this novel proposition.

¶9 On the basis of the facts, the record and the parties' arguments in the present case, we conclude the District Court erred in assessing costs against Blackwell in its March 6, 2000, Order, pursuant to Local Rule 11E. As a result, we further conclude that Order must be, and is hereby, vacated.

¶10 Reversed.

/S/ KARLA M. GRAY

We concur:

/S/ JIM RICE

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART