DA 07-0162

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 64

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

BARRY ROGER STEPHENSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 2005-457
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Brian C. Smith Public Defender, Missoula, Montana

      For Appellee:

          Hon. Mike McGrath, Montana Attorney General, Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

          Fred R. Van Valkenburg, Missoula County Attorney, Jennifer Clark,
Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  January 8, 2008

Decided:  February 26, 2008

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     This is a timely appeal by Barry Roger Stephenson from the District Court for the Fourth Judicial District, Missoula County, which denied his motion to withdraw his guilty plea.  We affirm in part, reverse in part, and remand for further proceedings consistent with this Opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2     On February 14, 2006, Stephenson, represented by counsel, entered into a plea agreement wherein Stephenson agreed to plead guilty to the offenses of two counts of partner or family member assault, misdemeanors, in violation of § 45-5-206, MCA,[1] and one count of tampering with witnesses and informants, a felony, in violation of § 45-7-206, MCA, committed on or about August 15, 2005, and September 6 through December 13, 2005.  In exchange for Stephenson's plea of guilty, the State agreed that, on the charge of tampering with witnesses and informants, Stephenson would be sentenced to the Montana State Prison for three years, all suspended, and on the two counts of partner or family member assault, Stephenson would be sentenced to twelve months in the Missoula County jail, with all but time served since the date of his arrest suspended.  The sentences were to run concurrently.

¶3     The parties agreed to a number of conditions of probation and to any probation conditions recommended by the probation/parole officer in the presentence investigation report, but there was no agreement that the court would impose any particular fine. However, in the "ACCEPTANCE" paragraph immediately preceding the signatures of

---

[1] All statutory references are to the 2005 Code.

Stephenson, his counsel, and the prosecutor, Stephenson acknowledged the following: "I am agreeing to undertake certain financial obligations such as restitution, fines, court costs, fees. By accepting this agreement, I state that I will be able to meet these obligations over the period of time that I am on probation."

¶4 The presentence investigation report ("PSI") was filed with the court on April 6, 2006. In the section of the PSI captioned "EVALUATION/RECOMMENDATION," the probation/parole officer listed "the conditions contained in the plea agreement, along with those I recommend for any period of community supervision." Of relevance to this appeal, one of the recommended conditions stated as follows: "The Defendant shall pay a fine of $85.00 to the Community Service Program."

¶5 On December 19, 2006, Stephenson, his counsel, and the prosecutor appeared in court for sentencing. The minute entry of that date recites that the court had received and reviewed the PSI. At the outset of the hearing, the District Court stated that it would follow the plea agreement. Thereafter, at the court's invitation, defense counsel objected to certain recommended conditions of probation that counsel claimed were not included in the plea agreement, including the $85 fine to the community service program. The transcript of the sentencing hearing reflects the following colloquy:

> [DEFENSE COUNSEL]: Your Honor, [the condition] is a fine to the community service program. It's not in the plea agreement. We'd object to that.
> THE COURT: What community service fee?
> [DEFENSE COUNSEL]: There is nothing in the plea agreement talking about an $85 community service fine.
> THE COURT: Okay, what else?
> . . . .
> [DEFENSE COUNSEL]: And that's it, Your Honor.

THE COURT: Did you have anything you what [sic] to add?

[THE PROSECUTOR]: Well, I'm trying to find a copy of the plea agreement. I believe -- I know in my plea agreements, the $85 fine to community service is included, and I copied that from [another deputy county attorney], so I'm confused why that wouldn't be in here as well.

THE COURT: The one I've got, at least, I'm not finding it.

[THE PROSECUTOR]: As to all of his concerns, those are all standard rules of probation that are applied in all cases, and he's certainly aware of what those are in every case. He's in a position to advise his client what the traditional conditions of probation are. As the Court's noted, these are all standard conditions and they're imposed in every case.

¶6 The court then proceeded to impose a three-year suspended sentence on Count III and two six-month suspended sentences on Counts I and II, all to run concurrently. In addition, the court imposed certain conditions:

The conditions that will be imposed are those that are listed on pages 7 and 8 of the presentence report with the following exceptions: Condition 6 is deleted since there are no fines being imposed in this case. I will, however, impose all of the normally imposed surcharges and -- although, I guess it's denominated the fine of $85 to the community service program, I view that more in the nature of the surcharge fee. I will impose that.

The court also deleted or amended certain other conditions that are not at issue here.

¶7 After the court imposed the sentence, defense counsel addressed the court:

[DEFENSE COUNSEL]: And, Judge, he would move to withdraw his guilty plea based on the fact of the imposition of the fine of $85 to the community service program.

THE COURT: Denied.

¶8 On January 2, 2007, the court entered its written judgment, which set forth various terms and conditions of probation, including Condition No. 10, which stated as follows: "The Defendant shall pay a fine to go to the community service program in the amount of EIGHTY FIVE DOLLARS ($85)."

4

¶9     Stephenson timely filed his notice of appeal on February 28, 2007. In due course, he filed his opening brief on appeal, articulating the following issue: Did the District Court err in not allowing the defendant to withdraw his guilty plea, given that the court imposed a fine not included in the plea agreement and that the State did not support the plea agreement? The State filed its response brief, arguing against the merits of Stephenson's position.

¶10    Then, nearly seven months later (on January 11, 2008), the State filed a "Notice of Concession and Waiver of $85 Fine for Community Service Program." The State's Concession and Waiver document stated that, after consultation with the Missoula County Attorney, the State was acknowledging and conceding that the $85 fine was "improperly imposed" and the State was waiving its enforcement in this case. However, the State explicitly did not concede that Stephenson should be permitted to withdraw his guilty plea. Rather, the State asserted that because of its concession and waiver of enforcement of the improperly imposed $85 fine, the issue of Stephenson's withdrawal of his guilty plea "is moot." The State noted that Stephenson did not agree to dismiss this appeal by stipulation on the grounds of the State's concession. The State concluded its notice requesting that this Court, "with or without entertaining the merits of the issues already briefed in this appeal," remand this case to the District Court for the limited purpose of striking Condition No. 10 from Stephenson's sentence.

¶11    Given that this case had been briefed for some seven months and had already been submitted to the Court for decision three days prior to the State's filing its Notice of Concession and Waiver, given that Stephenson did not agree to dismiss this appeal by

5

stipulation on the grounds of the State's concession, given that the State does not concede that Stephenson should be permitted to withdraw his guilty plea (the relief that Stephenson requests in this appeal), and given the State's equivocal request that we proceed "with or without entertaining the merits of the issues already briefed in this appeal," we conclude that it is appropriate to address the merits of this appeal.

## ISSUE

¶12    Did the District Court err in not allowing Stephenson to withdraw his guilty plea, given the court's imposition of the $85 fine/surcharge[2] payable to the community service program and the State's alleged failure to support the plea agreement?

## STANDARDS OF REVIEW

¶13    With respect to appeals from denials of motions to withdraw guilty pleas, we review the trial court's findings of fact to determine if they are clearly erroneous and the court's conclusions of law to determine if they are correct. *State v. Warclub*, 2005 MT 149, ¶ 24, 327 Mont. 352, ¶ 24, 114 P.3d 254, ¶ 24.

¶14    Here, Stephenson claims that the plea agreement did not contemplate the imposition of an $85 fine and that there was no statutory authority for the District Court to impose an $85 surcharge fee payable to the community service program. Thus, he argues, by imposing this fine/surcharge, the court did not follow the plea agreement, the State did not support the plea agreement, and the court, therefore, should have allowed him to withdraw his plea pursuant to § 46-12-211(4), MCA.

---

[2] Although the court characterized the $85 payable to the community service program as "more in the nature of the surcharge fee" at the sentencing hearing, the court later characterized it as "a fine" in its written judgment.

6

¶15 Accordingly, inasmuch as Stephenson's argument goes to the District Court's authority to impose the $85 fine/surcharge and the court's failure to follow the affirmative mandates of § 46-12-211(4), MCA, we review the sentence imposed by the court and, more specifically, Condition No. 10 for legality only, confining our review to determining whether the court had statutory authority to impose the sentence, whether the sentence falls within the parameters set by the applicable sentencing statutes, and whether the court adhered to the affirmative mandates of the applicable sentencing statutes. This determination is a question of law and, as such, our review is de novo. *State v. Ariegwe*, 2007 MT 204, ¶¶ 174-75, 338 Mont. 442, ¶¶ 174-75, 167 P.3d 815, ¶¶ 174-75.

## DISCUSSION

### I. Whether the District Court Rejected the Plea Agreement

¶16 In this case, the parties' plea agreement was one in which the State agreed to a specific sentence as the appropriate disposition of the case. *See* § 46-12-211(1)(b), MCA. The transcript of the sentencing hearing reflects that the court accepted the plea agreement:

> THE COURT: Yes. And for whatever it's worth, since I'm not going to let you withdraw your guilty plea [pursuant to a prior motion to withdraw guilty plea not at issue here], I will follow the plea agreement you entered into.

¶17 Under § 46-12-211(3), MCA, if the court accepts a plea agreement, the court "shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement." Here, although the court did not explicitly inform Stephenson as required by the statute, this omission did not lessen the

7

court's obligation to "embody in the judgment and sentence the disposition provided for in the plea agreement."

¶18 Under § 46-12-211(4), MCA, if the court rejects a plea agreement of the type at issue here (one under § 46-12-211(1)(b), MCA), the court "shall, on the record," do the following:

> inform the parties of this fact and advise the defendant that the court is not bound by the plea agreement, afford the defendant an opportunity to withdraw the plea, and advise the defendant that if the defendant persists in the guilty or nolo contendere plea, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

Here, nothing in the transcript of the sentencing hearing indicates that the court rejected the plea agreement or provided Stephenson the notice required by § 46-12-211(4), MCA.

¶19 Stephenson's argument, therefore, is as follows. First, he argues that the plea agreement did not contemplate the imposition of any fines and that there is no statutory authority for an $85 surcharge fee payable to the community service program. Thus, by imposing the $85 fee/surcharge, the District Court effectively rejected the agreement. Stephenson maintains that under § 46-12-211(4), MCA, he was entitled to withdraw his guilty plea. Second, Stephenson argues that the prosecutor did not support the plea agreement and that he, therefore, should have been allowed to withdraw his guilty plea and proceed to trial. *See State v. Munoz,* 2001 MT 85, 305 Mont. 139, 23 P.3d 922.

¶20 We are not persuaded on the record before us that the District Court rejected the plea agreement thus entitling Stephenson to withdraw his plea. The transcript of the sentencing hearing reflects clearly that the court accepted the plea agreement. Furthermore, Stephenson agreed in the plea agreement to the imposition of any probation

conditions recommended by the probation/parole officer in the PSI. The $85 fine/surcharge payable to the community service program was recommended in the PSI, and the court imposed that condition.

¶21 Accordingly, we do not agree with Stephenson's contention that the District Court rejected the plea agreement. Nor do we agree with Stephenson that the State failed to support the plea agreement. The critical issues, therefore, are whether requiring the payment of an $85 fine/surcharge to the community service program is lawful and, if it is not, whether that fact entitles Stephenson to withdraw his guilty plea. We turn, then, to the legality of the $85 fine/surcharge.

## II.     The Legality of the $85 Fine/Surcharge

¶22 Stephenson points out that a sentencing court has no power to impose a sentence in the absence of specific statutory authority. *See State v. Hatfield*, 256 Mont. 340, 346, 846 P.2d 1025, 1029 (1993). Thus, unless the District Court had specific statutory authority to impose the $85 fine/surcharge payable to the community service program, the fine/surcharge is illegal.

¶23 As noted above, in its Notice of Concession and Waiver of $85 Fine for Community Service Program, the State conceded that the $85 fine/surcharge was "improperly imposed." However, the State provided no insight as to why, having argued in its brief on appeal that the fine/surcharge was lawfully imposed, the State subsequently concluded that the fine/surcharge was improperly imposed. In its brief on appeal, the State argued that Stephenson "bargained for the benefit of an ordinary suspended sentence" and agreed, "without limitation," to any probation condition recommended in

9

the PSI, therefore including the $85 fine/surcharge. The State reached this conclusion based on the following language in the plea agreement: "Any condition of probation recommended by Probation and Parole, including, but not limited to . . . ." The State characterized the $85 fine/surcharge as "a standard condition of probation, normally imposed 'for any period of community supervision.' " The State also pointed out that the PSI recommending the $85 fine/surcharge was provided to Stephenson before sentencing. Accordingly, the State maintained that Stephenson should have contemplated the $85 fine/surcharge, that he bargained for a sentence that includes the $85 fine/surcharge, and, as a result, that the District Court correctly denied his motion to withdraw his guilty plea. Yet, notwithstanding these arguments, the State now concedes—without any rationale or explanation—that the $85 fine/surcharge was improperly imposed.

¶24 Given Stephenson's arguments and the State's unexplained change of position in this appeal, we conclude that it is appropriate to address the legality of the $85 payable to the community service program either as "a fine" (as it was characterized in the court's written judgment) or "in the nature of [a] surcharge fee" (as it was characterized by the court at the sentencing hearing).

### A. The $85 as a "Fine"

¶25 The community service program is a program which operates under the Montana Community Service Act. *See* Title 90, Chapter 14, Part 1, MCA. The Act was adopted in 1993 and amended in 1999 and 2007. Its purpose is to encourage volunteer service to the state in a variety of projects and programs. *See* § 90-14-103, MCA. The programs under the Act are not operated by the Department of Corrections.

¶26 Section 46-18-231, MCA, provides authority for a sentencing court to impose a fine in a felony or misdemeanor case. Section 46-18-232, MCA, provides authority for the court to require a convicted defendant in a felony or misdemeanor case to pay certain costs. Section 46-18-233, MCA, provides authority for the court to make the payment of fines and costs imposed under §§ 46-18-231 and -232, MCA, a condition of probation.

¶27 Of significance here, § 46-18-235, MCA, states as follows:

> Except as provided in 61-8-726, the money collected by a court as a result of the imposition of fines or assessment of costs under the provisions of 46-18-231 and 46-18-232 must be paid:
> (1) by the clerk of district court to:
> (a) the department of revenue for deposit into the state general fund; or
> (b) if the fine was imposed for a violation of Title 45, chapter 9 or 10, and at the court's discretion, the drug forfeiture account maintained under 44-12-206 for the law enforcement agency that made the arrest from which the conviction and fine arose; and
> (2) by a justice's court pursuant to 3-10-601.

¶28 In this case, there is no question that the court had authority to impose a fine by reason of Stephenson's plea of guilty to partner or family member assault, *see* § 45-5-206(3)(a)(ii), MCA, and tampering with witnesses and informants, *see* § 45-7-206(2), MCA. However, we have found no statutory authority for the court to impose a fine and then direct the disposition of the money collected from that fine to the community service program. Under § 46-18-235, MCA, any fine imposed by the court in this case was required to be disposed of in accordance with the provisions of this statute. Accordingly, the court's disposition of the $85, when considered as a "fine" payable to the community service program, is patently illegal.

B.    The $85 as a "Surcharge Fee"

11

¶29 Various Montana statutes authorize the imposition of fees and surcharges on defendants at sentencing. For example, § 46-18-111, MCA, provides for a $50 fee payable to the Department of Corrections at the time the presentence investigation report is completed; § 3-1-317, MCA, provides for a $10 user surcharge payable to the Department of Revenue for deposit in the state general fund to be used for funding court information technology; and § 46-18-236, MCA, provides for the imposition of various charges upon conviction. No statute, however, authorizes an assessment "in the nature of [a] surcharge fee" to be paid to the community service program.

### C. The $85 Fine/Surcharge is Illegal

¶30 "It is well-established that a district court's authority to impose sentences in criminal cases is defined and constrained by statute." *State v. Blackwell*, 2001 MT 198, ¶ 6, 306 Mont. 267, ¶ 6, 32 P.3d 771, ¶ 6 (citation and internal quotation marks omitted). Moreover, "[w]e have long held that a district court has no power to impose a sentence in the absence of specific statutory authority." *Hatfield*, 256 Mont. at 346, 846 P.2d at 1029 (citing *State v. Stone*, 40 Mont. 88, 105 P. 89 (1909), and *State v. Openshaw*, 172 Mont. 511, 565 P.2d 319 (1977)). Whether one characterizes the $85 in this case as a "fine" or a "surcharge fee" payable to the community service program, the imposition is illegal.

¶31 We recently disapproved this sort of creative sentencing in *State v. Krum*, 2007 MT 229, 339 Mont. 154, 168 P.3d 658. Krum was convicted of two counts of felony sexual assault, and the district court sentenced him to the Department of Corrections for 20 years, with all but 2 years suspended. The sentence was subject to a number of terms

and conditions, including the successful completion of an approved sex-offender treatment program and payment of restitution to the victim's family. *Krum*, ¶¶ 5, 7. In addition, the court imposed the following condition:

> The defendant has sufficient funds to pay a $5,000.00 assessment to the Park County Court Automation Fund, $2,500.00 to the Tri-County Network for Domestic Violence, and $2,500.00 to Park County Big Brothers and Sisters, all to give back to society and those who assist and help others who are victims of these type of offenses.

*Krum*, ¶ 8.

¶32 Stating that a court has no power to impose a sentence in the absence of specific statutory authority and that a sentence not based on statutory authority is an illegal sentence, *Krum*, ¶ 11, we held that the assessments imposed by the district court could not be considered as "fines" authorized by § 45-5-502, MCA (the sexual-assault statute), *Krum*, ¶ 15. Moreover, we considered whether § 46-18-202(1)(f), MCA, authorized the district court's imposition of the assessments. This section provides that the sentencing judge may impose "any other limitation reasonably related to the objectives of rehabilitation and the protection of the victim and society." We concluded that § 46-18-202(1)(f), MCA, did not provide the necessary statutory authority for imposing the assessments because the assessments were not "limitations" on Krum's conduct but, rather, were affirmative duties to make donations to community entities. We also determined that the assessments could not be characterized as restitution because the money was being paid to community entities rather than to the victim. *Krum*, ¶ 20.

¶33 Similarly, here, the District Court's imposition of the $85 as a "fine" or "surcharge fee" payable to the community service program also fails. As in *Krum*, imposition of an

13

$85 fine/surcharge payable to the community service program is not authorized by statute and is, therefore, illegal. *Krum*, ¶ 26. Having reached that decision, we next turn to the appropriate remedy.

**III. Remedy**

¶34 As we observed in *Krum*, the remedy for an illegal sentence varies. Where the illegal portion of the sentence is a condition of a suspended sentence, we have typically remanded with instructions to strike the offending portion. Where the illegal portion of the sentence affects the entire sentence, or where this Court is unable to ascertain what action a sentencing court would have taken under a correct application of the law, remand for resentencing is the preferred remedy. *Krum*, ¶ 23.

¶35 Here, the illegal portion of Stephenson's sentence (Condition No. 10) is only one of several conditions placed on his probation. Without the illegal $85 fine/surcharge, he will still be subject to various fees and surcharges authorized by statute and he will still have to comply with other terms and conditions of probation that are not at issue here. Moreover, were we to strike the illegal assessment, the rest of the sentence would not be affected. *Cf. Krum*, ¶¶ 24-25. Accordingly, we conclude that the appropriate remedy is to reverse this portion of Stephenson's sentence and remand with instructions to strike Condition No. 10.

## CONCLUSION

¶36 We reject Stephenson's contentions that the District Court rejected the plea agreement and that the State did not support the plea agreement, and we hold that Stephenson is not entitled to withdraw his guilty plea on these grounds. However, we

14

conclude that the objected-to $85 fine/surcharge payable to the community service program is not statutorily authorized and, thus, is illegal. We hold that this portion of Stephenson's sentence must, therefore, be stricken. Accordingly, we reverse the District Court's imposition of Condition No. 10 and remand this matter to the District Court with instructions to strike that condition from Stephenson's sentence. We affirm the District Court's judgment in all other respects.

¶37 Affirmed in part, reversed in part, and remanded for further proceedings consistent with this Opinion.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ PATRICIA COTTER


Justice W. William Leaphart dissenting.

¶38 I dissent. The Court has glossed over the issue raised by the defendant in order to address an issue of its own making.

¶39 As the Court notes, the PSI contained recommendation No. 11 that "the Defendant shall pay a fine of $85.00 to the Community Service Program." Stephenson objected to this fine, stating: "It's not in the plea agreement. We'd object to that." When the trial court imposed a suspended sentence along with the above condition, Stephenson moved

15

to withdraw his plea "based on the fact of the imposition of the fine of $85 to the community service program." The court, stating that it viewed the condition as a "surcharge fee," denied the motion to withdraw the plea.

¶40 On appeal Stephenson raises one issue: "Did the district court err in not allowing the defendant to withdraw his guilty plea when the district court imposed a fine not included in the parties' appropriate disposition plea agreement and the State did not support the plea agreement?" Stephenson's prayer for relief states: "Stephenson would respectfully request this Court reverse and remand this case to the district court granting Mr. Stephenson the statutory and case law right to withdraw his guilty plea."

¶41 From sentencing through appeal, Stephenson has consistently taken the position that since the District Court imposed a condition not contemplated by the plea agreement, the court should have advised him that it was rejecting the plea agreement and allowed him to withdraw his plea under § 46-12-211(2), MCA.

¶42 This Court appropriately concludes that the trial court did not reject the plea agreement and thus Stephenson is not entitled to withdraw his plea. Having so concluded, the only issue raised on appeal is resolved, and the judgment should be affirmed. The Court, however, goes on to address an issue not raised by Stephenson—i.e., whether, independently of a plea agreement, a sentencing court can, by way of a fine or a surcharge fee, direct that the defendant pay money to the community service program.

¶43 Although Stephenson does argue that since the plea agreement did not contemplate imposition of any fines, the court had no authority to simply recharacterize

16

the PSI's recommended $85 "fine" as a "surcharge fee," he does not advance the broader argument that the court had no authority under the rubric of either a fee or a fine to direct that the defendant pay money to the community service program.

¶44     Given that Stephenson did not raise this issue at sentencing or on appeal, I would simply conclude (as does the Court) that since the sentencing court did not reject the plea agreement, Stephenson is not entitled to withdraw his plea.

¶45     Finally, it should also be noted that the State, on appeal, filed a concession and waiver of the $85 fine.  Thus, the Court's insistence on addressing the legality of the fine is doubly gratuitous in that the issue was not raised by Stephenson and, to the extent it was relevant, was mooted by the State's waiver.

/S/ W. WILLIAM LEAPHART

Justice Jim Rice and Justice Brian Morris join in the dissent of Justice Leaphart.

/S/ JIM RICE
/S/ BRIAN MORRIS

Justice Jim Rice dissenting.

¶46     I join in Justice Leaphart's dissent and would end this matter after reaching the conclusion that Stephenson is not entitled to withdraw his plea.  Further, even if I were to reach the merits, I would disagree with the Court's conclusion that a sentencing court is without authority to impose a surcharge or a fee related to a probationer's participation in a community service program.  The Court's reasoning—that no statute allows for a

charge "in the nature of a surcharge fee"—is a forced and artificial premise which directly conflicts with a sentencing court's broad statutory authority to construct probationary sentences in the interests of rehabilitation, restitution and the protection of society.


/S/ JIM RICE