CHIEF JUSTICE GRAY
delivered the Opinion of the Court.
¶1 Jerry Gene VanWinkle, Jr. (VanWinkle) appeals from the judgment entered by the Fourth Judicial District Court, Missoula County, on his conviction and sentence for felony burglary. We reverse and remand with instructions.
¶2 The issue on appeal is whether the District Court imposed an illegal sentence when it ordered VanWinkle to pay an $85 fee to the local community service program as a condition of his deferred imposition of sentence.
BACKGROUND
¶3 On November 30,2006, VanWinkle pled guilty to felony burglary pursuant to a plea agreement he entered into with the State of Montana (State). In exchange for the guilty plea, the State agreed to recommend to the District Court that VanWinkle receive a three-year deferred imposition of sentence, subject to various conditions. Two of the specified conditions in the agreement provided that VanWinkle would complete 150 hours of community service and “shall pay a fine *177 to go to the community service program in the amount of $85.00. Said fine shall be paid through the Clerk of District Court and according to a schedule as set by his/her probation officer.” The plea agreement further specified that VanWinkle “shall receive credit against his fine for pre-trial incarceration.” The District Court accepted VanWinkle’s guilty plea, scheduled a sentencing hearing and ordered preparation of a presentence investigation report (PSI). The PSI concurred in the State’s recommendation of a three-year deferred imposition of sentence, subject to conditions. The PSI also recommended specific conditions, including Condition No. 13 requiring that VanWinkle “shall pay a fee of $85.00 to the Community Service Program.”
¶4 At the sentencing hearing, VanWinkle objected to Condition No. 13 on the basis that the condition required payment of a “fee,” whereas the plea agreement provided for payment of the $85 to the community service program as a “fine.” VanWinkle also argued that the District Court was without statutory authority to impose the payment as a fee. The District Court overruled VanWinkle’s objection, observing that the condition was one the judges in the Fourth Judicial District had agreed to institute as a local rule and was to be designated as a fee. The District Court subsequently entered its written judgment deferring imposition of VanWinkle’s sentence for a three-year period with conditions, including that VanWinkle complete 150 hours of community service and Condition No. 13 that he “shall pay a fee of $85.00 to the Community Service Program.” VanWinkle appeals.
STANDARD OF REVIEW
¶5 VanWinkle challenges the legality of his sentence. We review the legality of a criminal sentence to determine whether the sentence is within applicable statutory parameters. State v. Armstrong, 2006 MT 334, ¶ 8, 335 Mont. 131, ¶ 8, 151 P.3d 46, ¶ 8.
DISCUSSION
¶6 Did the District Court impose an illegal sentence when it ordered VanWinkle to pay an $85 fee to the local community service program as a condition of his deferred imposition of sentence?
¶7 VanWinkle challenges the District Court’s imposition of Condition No. 13 as illegal because there is no statute authorizing sentencing courts to impose a fee for the support of local community service programs. In response, the State first raises the threshold argument that VanWinkle waived his right to challenge Condition No. 13 by *178 explicitly and voluntarily agreeing to pay $85 to the community service program when he signed the plea agreement. The State contends VanWinkle should not be allowed to evade his agreement by challenging the condition as being denominated a fee, rather than a fine as specified in the agreement, because “whether the assessment is considered a fee or a fine does not ‘affect the substantial rights of the defendant’....” VanWinkle replies that the distinction between a “fine” and a “fee” is not mere semantics, but has repercussions on a defendant obligated to make the payment. Thus, according to VanWinkle, he was not-and is not-barred from challenging the District Court’s imposition of the condition as a fee. We agree with VanWinkle.
¶8 Contrary to the State’s assertion, denominating a monetary obligation imposed on a criminal defendant as a fee, rather than a fine, can “affect the substantial rights of the defendant.” For example, § 46-18-403(2), MCA, provides that any defendant against whom a fine is imposed upon conviction must be allowed credit against that fine for each day served in incarceration prior to the conviction. We have held that the term “fine” as used in this statute does not encompass fees, costs or other court-imposed monetary obligations. Voerding v. State, 2006 MT 125, ¶ 16, 332 Mont. 262, ¶ 16, 136 P.3d 502, ¶ 16. Thus, a defendant may only receive credit for pre-conviction incarceration against “fines” and not against “fees.”
¶9 Here, while the District Court expressly included in its written judgment that VanWinkle was entitled to $7,275 credit toward his fines as a result of 97 days of pre-conviction incarceration, the court deferred imposition of sentence and did not impose any fine. Had the District Court imposed the $85 fine to which the parties agreed in the plea agreement-and assuming, arguendo, such a fine would otherwise be legal-VanWinkle would not have been obligated to pay it. In light of these facts, we conclude VanWinkle’s plea agreement with the State to pay a fine of $85 did not bar him from challenging the District Court’s imposition of the condition as a fee. We turn, then, to the merits of VanWinkle’s contentions.
¶10 It is well-established that a district court’s authority to impose a sentence in a criminal case is defined and constrained by statute. State v. Blackwell, 2001 MT 198, ¶ 6, 306 MT 267, ¶ 6, 32 P.3d 771, ¶ 6. Thus, “‘a district court has no power to impose a sentence in the absence of specific statutory authority.’” Blackwell, ¶ 6 (quoting State v. Hatfield, 256 Mont. 340, 346, 846 P.2d 1025, 1029 (1993)). As stated above, VanWinkle contends that no statute authorizes the District *179 Court to impose a fee for the support of a local community service program.
¶11 We recently addressed the identical issue raised here in State v. Stephenson, 2008 MT 64, 342 Mont. 60, 179 P.3d 502. In that case, Stephenson entered into a plea agreement with the State by which he agreed to plead guilty to one felony and two misdemeanor offenses in exchange for the State’s agreement to recommend the district court impose an aggregate sentence of three years, all suspended on specified conditions. Stephenson further agreed to any additional probation conditions recommended in the PSI. Stephenson, ¶¶ 2-3. One of the additional recommended conditions in the PSI was that Stephenson pay a fine of $85 to the local community service program. Stephenson, ¶ 4. At the sentencing hearing, Stephenson objected to this condition on the basis that it was not included in the plea agreement. Notwithstanding Stephenson’s objection, the district court imposed the condition and noted that, although the $85 payment was denominated a fine, it viewed the payment as in the nature of a surcharge fee. Stephenson, ¶¶ 5-6. Stephenson moved to withdraw his guilty plea, the district court denied the motion and Stephenson appealed. Stephenson, ¶¶ 7 and 9.
¶12 On appeal, we addressed the legality of the condition as both a “surcharge fee” and a “fine.” We observed that, although various Montana statutes authorize imposing specified fees and surcharges when sentencing a defendant, no statute “authorizes an assessment ‘in the nature of [a] surcharge fee’ to be paid to the community service program.” Stephenson, ¶ 29. We further determined that, while § 46-18-231, MCA, authorizes a sentencing court to impose a fine on a defendant in either a felony or misdemeanor case, § 46-18-235, MCA, requires that money collected from the imposition of a fine must be paid to specified entities. No statute authorizes a district court to impose a fine and order the fine be paid to a local community service program. Stephenson, ¶ 28. Consequently, we held that the condition requiring Stephenson to pay $85 to the local community service program, as either a surcharge fee or a fine, was illegal and must be stricken from the sentence. Stephenson, ¶ 36. Similarly, in this case, no statute authorizes the District Court to require that VanWinkle pay $85 to the local community service program as either a fee or a fine.
¶13 The State contends, however, that the District Court was authorized to impose the $85 assessment as “a reasonable restriction or condition” on VanWinkle’s sentence pursuant to §§ 46-18-201(4)(o) and -202(l)(f), MCA. Addressing the latter statute first, § 46-18- *180 202(l)(f), MCA, provides that a sentencing judge may impose certain restrictions or conditions on a sentence “that the judge considers necessary to obtain the objectives of rehabilitation and the protection of the victim and society...” including “any other limitation reasonably related to the objectives of rehabilitation and the protection of the victim and society.” We previously have upheld two types of sentencing conditions under this provision: conditions limiting a defendant’s conduct and conditions requiring payment of restitution to a victim of the offense. See State v. Krum, 2007 MT 229, ¶ 18, 339 Mont. 154, ¶ 18, 168 P.3d 658, ¶ 18.
¶14 In Krum, we held that sentencing conditions which require a defendant to pay monetary assessments to local community entities are not “limitations” on a defendant’s conduct, but rather affirmative duties to make donations to those entities. Further, such assessments cannot be considered restitution when the money is being paid to community entities which are not victims of the offense for which the defendant is being sentenced. Krum, ¶ 20. Thus, the assessments were not authorized by the express language of § 46-18-202(l)(f), MCA, and were illegal. Krum, ¶ 21. Similarly, here, Condition No. 13 requiring VanWinkle pay an $85 fee to the local community service program is not a “limitation” on VanWinkle’s conduct, but an affirmative obligation to pay money to a local entity. Nor can the condition be considered restitution, because the local community service program is not a victim of VanWinkle’s burglary offense. Consequently, § 46-18-202(l)(f), MCA, does not authorize imposition of Condition No. 13.
¶15 Section 46-18-201(4)(o), MCA-the second statute upon which the State relies-provides thát, when deferring imposition or suspending execution of all or a portion of a defendant’s sentence, the sentencing court may impose on a defendant “any reasonable restrictions or conditions ...” including those “considered necessary for rehabilitation or for the protection of the victim or society....” We recently held that, when imposing a sentencing condition pursuant to this provision, the condition must have “a nexus to either the offense for which the offender is being sentenced, or to the offender himself or herself.” State v. Ashby, 2008 MT 83, ¶ 15, 342 Mont. 187, ¶ 15, 179 P.3d 1164, ¶ 15. In other words, there must be factual support in the record, specific to the individual case before the sentencing court, which justifies imposition of the condition in that case.
¶16 Here, the record reflects that the District Court did not impose Condition No. 13 based on a nexus between the condition and either VanWinkle’s offense or VanWinkle himself. In responding to *181 VanWinkle’s objection to Condition No. 13, the District Court stated that the condition was “one of the local rules in the district that the judges all agreed to ... it’s a uniform condition of all the four judges here.” Nothing in § 46-18-201(4)(o), MCA, authorizes trial judges to simply agree-by local rule or otherwise-to impose a particular condition on all defendants being sentenced in their judicial district.
¶17 Finally, the State contends that Condition No. 13 is statutorily authorized as a legitimate cost. We disagree.
¶18 Section 25-10-201, MCA, enumerates various costs of litigation which a trial court may award the prevailing party in an action, including at subsection (9), “such other reasonable and necessary expenses as are taxable according to the course and practice of the court or by express provision of law.” Moreover, § 46-18-232, MCA, provides that a sentencing court may require a convicted defendant to pay costs as defined in § 25-10-201, MCA. However, “[s]uch costs shall be limited to expenses specifically incurred by the prosecution in connection with the proceedings against the defendant.” Section 46-18-232(1), MCA. Here, the $85 to be paid in support of the local community service program was not a cost incurred by the State in prosecuting VanWinkle for the burglary offense. Consequently, Condition No. 13 is not authorized as a cost pursuant to §§ 46-18-232 and 25-10-201, MCA.
¶19 We conclude that Condition No. 13-requiring VanWinkle to pay an $85 fee to the local community service program-is not statutorily authorized and, therefore, is illegal. As a result, we hold the District Court imposed an illegal sentence when it ordered VanWinkle to pay an $85 fee to the local community service program as a condition of his deferred imposition of sentence. Accordingly, we reverse the District Court’s imposition of Condition No. 13 and remand this case with instructions to the District Court to strike the condition from VanWinkle’s sentence.
¶20 Reversed and remanded for further proceedings consistent with this Opinion.
JUSTICES NELSON, WARNER, COTTER, LEAPHART and MORRIS concur.