Justice Beth Baker delivered the Opinion of the Court.
*1286 ***440 ¶ 1 Pursuant to a local resolution, the Missoula Municipal Court ***441 charged Corinne Marie Louise Franklin a twenty-five-dollar surcharge to fund the City Attorney's Office after she pleaded no contest to Disorderly Conduct. Franklin moved to strike the surcharge, arguing that the City of Missoula did not have the statutory authority to include it in her sentence. The Municipal Court denied the motion, and the Fourth Judicial District Court affirmed the Municipal Court's order. We reverse and remand with instructions to strike the illegal portion of the sentence.
PROCEDURAL AND FACTUAL BACKGROUND
¶ 2 In September 2015, Franklin appeared in Missoula Municipal Court and entered a plea of nolo contendere to the charge of Disorderly Conduct, a misdemeanor, in violation of § 45-8-101, MCA. The Municipal Court deferred imposition of sentence for a period of twelve months, charged Franklin a fine of $100, charged Franklin the cost of prosecution in the amount of $50, and charged Franklin various additional surcharges totaling $110.
¶ 3 Included in the $110 fee were the following charges: (1) a fifteen-dollar surcharge under § 46-18-236(1)(a), MCA, to pay for the salary of the city attorney and deputies; (2) a fifty-dollar surcharge under § 46-18-236(1)(c), MCA, to pay for a victim and witness advocate program; (3) a ten-dollar surcharge under § 3-1-317(1)(a), MCA, to pay for court information technology; (4) a ten-dollar surcharge under § 3-1-318(1), MCA, to pay for the Montana Law Enforcement Academy; and (5) a twenty-five-dollar surcharge under Missoula Resolution 7784 to fund the City Attorney's Office.
¶ 4 Missoula Resolution 7784 was adopted because the Missoula City Council established that the current statutory surcharges did not adequately fund the office of the City Attorney. The Missoula City Council believed that individuals who commit criminal or traffic violations should contribute an amount to the City Attorney's Office greater than § 46-18-236(1)(a), MCA provides. The additional surcharge is assessed as part of the disposition of all citations and complaints, whether under state law or city ordinance, for which there was a conviction or a plea of guilty entered.
¶ 5 Franklin filed a motion to strike the twenty-five-dollar surcharge, arguing that it was not authorized by statute as a criminal sentence surcharge or cost; thus, the Municipal Court had no authority to include it in a criminal sentence. The Municipal Court denied the motion to strike, concluding that the surcharge was a non-punitive administrative fee and not a sentence. The Fourth Judicial District Court affirmed the Municipal Court's decision, holding that self-governing ***442 municipalities have authority to impose special assessments related to the cost of a special benefit provided by the municipality, and that the surcharge was imposed to support the City Attorney's Office's "efforts to increase the safety of the community." Franklin appeals, arguing that the Municipal Court has no statutory authority to impose a local surcharge as part of sentencing for a state law violation.
STANDARD OF REVIEW
¶ 6 A sentencing court's authority in criminal cases "is defined and constrained by statute." State v. Blackwell , 2001 MT 198, ¶ 6, 306 Mont. 267, 32 P.3d 771 (quoting State v. Nelson , 1998 MT 227, ¶ 24, 291 Mont. 15, 966 P.2d 133 ). Within the authority granted by statute, trial judges are granted broad discretion to determine the appropriate punishment *1287 for offenses. State v. Webb , 2005 MT 5, ¶ 8, 325 Mont. 317, 106 P.3d 521. With two narrow exceptions, not applicable here, our review of criminal sentences is for legality only. City of Bozeman v. Cantu , 2013 MT 40, ¶ 10, 369 Mont. 81, 296 P.3d 461.
DISCUSSION
¶ 7 Local governments operating under self-government charters may exercise any power not prohibited by the Montana Constitution, state law, or the charter itself. Mont. Const. art. XI, § 6 ; Section 7 - 1 -101, MCA. "The powers of a local government operating under a self-government charter must be liberally construed, with reasonable doubts resolved in favor of the existence of local government power." City of Missoula v. Armitage , 2014 MT 274, ¶ 14, 376 Mont. 448, 335 P.3d 736 (citing § 7-1-106, MCA ). A self-governing municipality, like the City of Missoula, has the power to enact city ordinances so long as the ordinance is not expressly preempted or in conflict with state law. Armitage , ¶ 22. In Armitage , we held that the City of Missoula had the authority to create a misdemeanor penalty for refusal to submit to a requested breath test because the ordinance was not in conflict with state law. Armitage , ¶ 22.
¶ 8 The City likens the fee at issue to the penalty upheld in Armitage because an additional or duplicative requirement is not inconsistent with state law. But Armitage involved an ordinance that created a new misdemeanor for offenses committed within the City of Missoula and penalized that misdemeanor with a city-imposed fine. Thus, "[a]n individual who refuses breath or blood testing may be subject to both a $500 fine under city ordinances and a suspension of driving privileges ***443 under state law. The Missoula ordinances are additional regulations and pose no conflict with state law as contemplated by § 61-8-103, MCA." Armitage , ¶ 22.[1] This case, in contrast, involves the City's attempt to impose an additional charge on a state sentence for a criminal offense defined by state law. The issue is whether a city may add penalties to a criminal sentencing statute.
¶ 9 The Montana Legislature has enumerated the sentences that may be imposed "[w]henever a person has been found guilty of an offense" under state law. Section 46-18-201(1)(a), MCA. In addition, Title 3, chapter 1, MCA, sets forth certain surcharges for criminal cases. The sentencing statutes allow a court to impose a fine for the underlying crime and to order a defendant to pay a number of fees and costs, including, but not limited to, the following:
• a fifteen-dollar surcharge for each misdemeanor ( § 46-18-236(1)(a), MCA ); when collected by a municipal court, a city may use this surcharge for the salaries of the city attorney and deputies ( § 46-18-236(6)(a), MCA );
• an additional fifty-dollar fee for each charge ( § 46-18-236(1)(c), MCA ); when collected by a municipal court, the city may use that surcharge to pay the expenses of a victim and witness advocate program ( § 46-18-236(7)(a), MCA ), and may allocate one dollar of that surcharge to mitigate administrative costs incurred by the municipal court in the collection of the surcharge ( § 46-18-236(7)(b), MCA ); and
• a ten-dollar user surcharge for court information technology ( § 3-1-317(1)(a), MCA ).
In addition, courts of limited jurisdiction must impose a ten-dollar surcharge on each defendant who forfeits bond or "is convicted of criminal conduct under state statute." Section 3-1-318(1), MCA. Under current law, that surcharge is directed to support the Court Appointed Special Advocates (CASA) program.[2]
¶ 10 Courts have no power to impose a criminal sentence in the absence of specific statutory authority. Blackwell , ¶ 6. When a court acts without statutory authority for a sentence imposed for an offense committed in violation of state law, the sentence *1288 is illegal. ***444 State v. Rambold , 2014 MT 116, ¶ 14, 375 Mont. 30, 325 P.3d 686.
¶ 11 In Blackwell , the district court relied on a local rule to include a court clerk's salary in jury costs imposed as part of the defendant's sentence. Blackwell , ¶ 3. We invalidated the local rule because the statutes provided no authority to impose a fee for the clerk's salary. Blackwell , ¶¶ 3, 7-8. In State v. Stephenson , 2008 MT 64, ¶ 4, 342 Mont. 60, 179 P.3d 502, an eighty-five-dollar payment for a community service program was imposed on a defendant who pleaded guilty to partner or family member assault and tampering with witnesses and informants. We recognized that various Montana statutes authorize specified fees and surcharges in a criminal sentence. "No statute, however, authorizes an assessment 'in the nature of [a] surcharge fee' to be paid to the community service program." Stephenson , ¶ 29. Consequently, the condition was illegal and was stricken from the sentence. Stephenson , ¶ 36 ; see also State v. Vanwinkle , 2008 MT 208, ¶¶ 11-12, 344 Mont. 175, 186 P.3d 1258. We held in State v. Duong , 2015 MT 70, ¶¶ 19, 23, 378 Mont. 345, 343 P.3d 1218, that the imposition of costs for an interpreter and of a court administrative fee lacked statutory authority and were illegal.
¶ 12 Section 46-18-236, MCA, sets the fees and surcharges that a municipal court may impose and prescribes how those fees and charges are to be allocated. When a city municipal court collects fees under § 46-18-236(1)(a), MCA, the city may use that money for payment of the salaries of the city attorney and deputies. Section 46-18-236(6)(a), MCA. Neither Title 46, chapter 18, MCA, nor Title 3, chapter 1, MCA, however, authorizes a sentencing court to impose additional surcharges to fund the city attorney's office. Moreover, there are no statutes that authorize a court to impose additional financial obligations, other than those in § 46-18-236(1)(a), MCA, to fund city programs when the offender violated state law.
¶ 13 A self-governing municipality may enact local resolutions or ordinances to defray the expense of the city attorney's office, and may enact its own local punitive laws. But sentencing courts, including municipal courts, must have statutory authority to impose a sentence for a state law violation. Although Blackwell , Stephenson , and Duong involved district court rules and orders imposing illegal fees or surcharges, the City offers no reasoned basis to afford a municipal court greater authority under a local resolution or ordinance to add penalties for a state-law sentence. Under the City's reasoning, it could impose an additional fee of unlimited amount or mandate additional jail time for violations of state law.
***445 ¶ 14 We distinguished Armitage in City of Helena v. Svee , 2014 MT 311, 377 Mont. 158, 339 P.3d 32. We held there that a city ordinance that expressly regulated roofing materials was invalid because it exceeded the authority granted to municipalities by statute and, as a building regulation, "trespasse[d] into subject matter" affirmatively subject to state regulation or control. Svee , ¶ 16 (citing § 7-1-113(1), MCA ). Whereas the ordinance in Armitage "simply provided an additional regulation and 'pose[d] no conflict' to § 61-8-103, MCA," the city building ordinance did pose a conflict with the state building code. Svee , ¶ 16 n.2 (citing Armitage , ¶ 18 ).
¶ 15 Missoula's resolution 7784 suffers a similar problem. Here, when adding the twenty-five-dollar surcharge pursuant to the local resolution, the Municipal Court's written sentencing order included a surcharge that imposed a greater burden on Franklin than what Montana statutes allow for an offense made criminal by state law. We conclude that the Municipal Court exceeded its statutory authority by imposing it.
¶ 16 When the illegal portion of the sentence does not affect the entire sentence, the remedy typically is remand with instructions to strike the offending portion. See Stephenson , ¶ 34 (applying this reasoning to a suspended sentence). Because the illegal portion of Franklin's sentence, the twenty-five-dollar surcharge, is only a small portion of all the surcharges imposed, striking the local resolution surcharge does not affect the entire sentence. Accordingly, we reverse the District Court's order affirming the local surcharge. The District Court shall remand this matter to the Municipal Court with instructions to strike the twenty-five-dollar surcharge *1289 imposed under Missoula Resolution 7784.
CONCLUSION
¶ 17 The District Court's order is reversed and remanded.
We concur:
MIKE McGRATH, C.J.
JAMES JEREMIAH SHEA, J.
LAURIE McKINNON, J.
INGRID GUSTAFSON, J.

Section 61-8-103, MCA, authorizes local governments to adopt additional traffic regulations that do not conflict with state traffic laws.

At the time of Franklin's offense, that surcharge was directed to support the Montana Law Enforcement Academy.