FILED

03/25/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0101

DA 23-0101

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 59N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ZACHARY M. NIELSEN,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC-22-22
Honorable Jennifer B. Lint, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

        Pete Wood, Attorney at Law, Boise, Idaho

      For Appellee:

        Austin Knudsen, Montana Attorney General, Brad Fjeldheim,
Assistant Attorney General, Helena, Montana

        William E. Fulbright, Ravalli County Attorney, David James Lakin,
Deputy County Attorney, Hamilton, Montana

                Submitted on Briefs:  February 12, 2025

                        Decided:  March 25, 2025

Filed:

                _____
                          Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Zachary Nielsen appeals the Twenty-First Judicial District Court's, Ravalli County, December 14, 2022 Judgment. Nielsen asserts the court should have awarded him credit for time served and the Judgment erroneously included costs that were not orally imposed at sentencing. We affirm Neilsen's sentence but remand to the District Court to: calculate credit for time served; strike the Montana Highway Patrol Drug Fund fee, the Public Defender fee, and the Jail Diversion, Pretrial Services fee; and strike the scheduled Audit Hearing from the Judgment.

¶3     On January 24, 2022, Trooper Barbera found drug paraphernalia that tested positive for methamphetamine in Nielsen's vehicle after a traffic stop. Nielsen was charged with Criminal Possession of Dangerous Drugs, a felony in violation of § 45-9-102(3), MCA, (Count I) and Criminal Possession of Drug Paraphernalia, a misdemeanor in violation of § 45-10-103, MCA, (Count II). Nielsen entered a plea agreement on October 13, 2022, where he pled guilty to both charges. The plea agreement set forth fees and costs that Nielsen agreed to including: a $250 contribution to the Montana Highway Patrol Drug Fund, a $50 victim surcharge fee for both Counts I and II, a $20 surcharge for Count I and $15 surcharge for Count II, a $100 Cost of Prosecution fee, and a $10 Technology fee.

¶4     On December 1, 2022, the District Court held a sentencing hearing and accepted the plea agreement, sentencing Nielsen to a deferred sentence of three years on Count I and 14 days in the Ravalli County Detention Center, with credit for 14 days already served, for Count II.  The District Court orally imposed the fees agreed to in the plea agreement listed above except for the $100 Cost of Prosecution fee.  In the District Court's December 14, 2022 written Judgment, the court also imposed a $1,277 Ravalli County Jail Diversion, Pretrial Services fee and an $800 Repayment of Public Defender fee.  The latter two fees were not included in the District Court's prior oral pronouncement of sentence.  The written Judgment also set a date for an in-person Audit Hearing on September 4, 2025, to review the status of fees and condition requirements.

¶5     Nielsen asserts three issues on appeal: (1) whether Nielsen is entitled to credit for time served on Count I, (2) whether the District Court erroneously imposed $2,327 in costs, and (3) whether it was improper for the District Court to set a mandatory in-person "Audit Hearing" over two and a half years post-sentencing.  The State concedes issues (1) and (3).  The State also concedes the Jail Diversion, Pretrial Services fee of $1,277 should be struck from the written judgment because it was not part of the oral sentence nor included in Nielsen's plea agreement.  Therefore, on appeal we only consider Nielsen's challenges to the $250 contribution to the Montana Highway Patrol Drug Fund and the $800 Public Defender fee.

¶6     We review fines the same as sentencing conditions.  *State v. Reynolds*, 2017 MT 317, ¶ 16, 390 Mont. 58, 408 P.3d 503.  First, we review the condition de novo for legality and determine whether it is within statutory parameters; a condition outside of statutory

parameters is illegal. *Reynolds*, ¶ 16. If the condition is legal, then we review the reasonableness of the condition to determine whether the District Court abused its discretion. *Reynolds*, ¶ 16.

¶7 Nielsen argues that although he agreed to the $250 contribution in his plea agreement and did not object when the District Court orally imposed it at sentencing, the fee is illegal.

¶8 The State argues Nielsen has not shown how the District Court unreasonably imposed a $250 contribution to the Montana Highway Patrol Drug Fund, especially because Nielsen agreed to the contribution in the plea agreement. The State asserts Montana law specifically allows drug offenders to agree to the forfeiture of property in a plea agreement.

¶9 Nielsen asserts the contribution is not an approved cost under § 46-18-232, MCA, nor § 46-18-236, MCA. According to Nielsen, any fee not authorized by statute is illegal.

¶10 Despite the fact Nielsen agreed to pay the $250 fine in the plea agreement, there must be a legal basis to support the sentencing condition within a plea agreement. Under § 46-12-211, MCA, a prosecutor may make a recommendation for a particular sentence within a plea agreement. However, a defendant may not agree to an illegal sentence in a plea agreement. *State v. Cleveland*, 2014 MT 305, ¶ 29, 377 Mont. 97, 338 P.3d 606. District courts cannot impose a criminal sentence in the absence of specific statutory authority. *City of Missoula v. Franklin*, 2018 MT 218, ¶ 10, 392 Mont. 440, 425 P.3d 1285. If a court acts without statutory authority for a sentence imposed under state law, then the sentence is illegal. *Franklin*, ¶ 10.

4

¶11 Here, there is no statutory authority to support imposition of the $250 contribution to the Montana Highway Patrol Drug Fund. There are no state laws authorizing imposition of a fee to the Drug Fund. In *State v. Stephenson*, 2008 MT 64, ¶ 4, 342 Mont. 60, 179 P.3d 502, the district court imposed an $85 payment, described as a "surcharge fee," for a community service program on a defendant who pleaded guilty to partner or family member assault and tampering with witnesses and informants. The $85 fee was included as a recommended condition in the defendant's presentencing investigation and plea agreement. We recognized that "[n]o statute, however, authorizes an assessment in the nature of [a] surcharge fee to be paid to the community service program." *Stephenson*, ¶ 29 (internal quotations omitted). Consequently, the condition was illegal and was stricken from the sentence. *Stephenson*, ¶ 36; *see also State v. Vanwinkle*, 2008 MT 208, ¶¶ 11-12, 344 Mont. 175, 186 P.3d 1258; *State v. Duong*, 2015 MT 70, ¶¶ 19, 23, 378 Mont. 345, 343 P.3d 1218 (holding the imposition of costs for an interpreter and a court administrative fee lacked statutory authority and were illegal); *Franklin*, ¶ 15 (holding a $25 surcharge to fund the City Attorney's Office was illegal because it imposed a greater burden on the defendant than what Montana statutes allow for a criminal offense against state law).

¶12 The only legal authority cited by the State in support of its position is § 44-12-207(2), MCA, which only deals with the forfeiture of property used in the commission of a crime. Section 44-12-207(2), MCA, states the statute "does not prohibit property from being forfeited pursuant to a plea agreement between the prosecutor and the defendant." However, this statute is only relevant to the bargaining of property subject to

5

criminal activity. This situation clearly does not involve a forfeiture. Therefore, the State's argument fails. On remand, we direct the District Court to strike the $250 contribution to the Montana Highway Patrol Drug Fund from Nielsen's sentence because it is illegal.

¶13 Next, we consider the $800 Public Defender fee. Nielsen argues the District Court erred because it did not orally impose this fee at sentencing but included it in the written Judgment. The State asserts the District Court adopted the State's proposed conditions during the oral sentencing when it struck condition 28 and modified conditions 19 and 26 as requested by Nielsen's counsel. The State asserts the District Court's reference and amendment to the proposed conditions during sentencing presumes the court adopted and imposed all of the proposed conditions during the oral sentencing, including the $800 Public Defender fee.

¶14 Generally, when a district court's written judgment differs from its oral pronouncement of sentence, the oral sentence controls. *State v. Drube*, 2003 MT 138, ¶ 19, 316 Mont. 156, 69 P.3d 1182. In *State v. Johnson*, this Court clarified:

> In determining whether any portion of a judge's subsequent written judgment is unlawful, therefore, we need only determine first, whether the defendant was afforded the opportunity to respond to its inclusion upon sufficient notice at sentencing, and second, whether that portion of the written judgment substantively increases one of two things: (1) the defendant's loss of liberty; and (2) the defendant's sacrifice of property.

*State v. Johnson*, 2000 MT 290, ¶ 24, 302 Mont. 265, 14 P.3d 480.

¶15 Here, the $800 Public Defender fee was included in the State's proposed sentencing conditions that the State filed prior to the sentencing hearing. During the sentencing hearing, the District Court orally struck one and amended two of those proposed

conditions—at Nielsen's counsel's request. However, the court did not orally adopt the remainder of the conditions, including the $800 Public Defender fee. The court also did not determine whether Nielsen was able to pay the $800 Public Defender fee, or any of the other fees imposed. Financial obligations should be specifically pronounced at sentencing where the defendant can contest the fee and a meaningful hearing on the defendant's ability to pay can be undertaken, not hidden in boilerplate probationary conditions. "The court may not sentence a defendant to pay costs unless the defendant is or will be able to pay them." Section 46-18-232(2), MCA. Further, "[i]n determining the amount and method of payment of costs, the court shall take into account the financial resources of the defendant, the future ability of the defendant to pay costs, and the nature of the burden that payment of costs will impose." Section 46-18-232(2), MCA.

¶16 We find the District Court's written imposition of the $800 fee substantively increases Nielsen's sacrifice of property. *Johnson*, ¶ 24. The District Court did not orally adopt the State's proposed conditions in full at the sentencing hearing, yet the court imposed the $800 fee in its written Judgment. As such, we remand to the District Court to strike the $800 Public Defender fee from its Judgment.

¶17 In conclusion, we affirm the District Court's sentencing, but we remand this case back to the District Court to calculate credit for time already served on Count I. We also remand for the District Court to strike the $1,277 Jail Diversion fee and the $800 Public Defender fee as neither of those were pronounced at the oral sentencing. We remand to the District Court to strike the $250 contribution to the Montana Highway Patrol Drug

7

Fund as an illegal fee.  Finally, we remand for the court to strike the mandatory in-person Audit Hearing from the Judgment.

¶18    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶19    Affirmed and remanded for modification of the written Judgment in accordance with this decision.

/S/ INGRID GUSTAFSON

We Concur:

/S/ CORY J. SWANSON
/S/ KATHERINE M BIDEGARAY
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA