DA 19-0658

FILED

06/09/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0658

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 151N

ABBY COLEMAN,

      Plaintiff and Appellant,

   v.

TOWN OF HOT SPRINGS,
a political subdivision of the State of Montana,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Sanders, Cause No. DV-17-69
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Kathleen A. Molsberry, Matthew B Lowy, Lowy Law, PLLC, Missoula,
Montana

      For Appellee:

          Marcel A. Quinn, Tammy Wyatt-Shaw, Hammer, Quinn & Shaw PLLC,
Kalispell, Montana

          Benjamin James Hammer, Attorney at Law, Kalispell, Montana

Submitted on Briefs:  May 20, 2020

Decided:  June 9, 2020

Filed:

                     _____

                               Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Abby Coleman (Coleman) appeals from the District Court's entry of summary judgment on her claims against the Town of Hot Springs (Town), primarily arising out of the assessment of a $25 fee by the Town as part of a Deferred Prosecution Agreement (DPA) entered with Coleman to resolve a prior criminal proceeding. Coleman's complaint herein originally stated five counts, alleging I) illegally imposed fee or surcharge, II) extortion, III) improper hiring of a police officer, IV) equal protection violation, and V) vicarious liability. The District Court granted partial summary judgment, upholding the DPA fee, but denied summary judgment on Coleman's hiring claim. After the parties resolved the hiring claim, the District Court entered a final judgment in favor of the Town on the remaining Counts. Coleman states she is challenging the dismissal of these Counts on appeal, but her arguments are largely focused on the allegations of Count I that the DPA fee was not authorized under statute or the common law, and do not address the extortion count.[1]

---

[1] Coleman argues the DPA fee violates due process, but, as noted by the Town, she did not allege and preserve a due process claim in the District Court. Thus, we decline to address the issue.

¶3      In November 2015, Coleman was arrested and charged by the Town with obstruction of police officer, a misdemeanor. In February 2016, Coleman was again arrested and charged by the Town with a second offense of obstruction of a police officer. Following discussions, Coleman and the Town entered into a global resolution in which the Town agreed to dismiss the second charge and enter into a DPA with Coleman on the first charge. As part of the DPA, the Town requested and received a payment of a $25 administrative fee from Coleman. The DPA stated, "[t]he parties do not agree that an administrative fee paid in association with a deferred prosecution agreement is an allowable cost pursuant to Mont. Code Ann. § 46-18-232. Nonetheless, to obtain the benefit of the bargain of a DPA, Defendant acquiesces to its payment." Coleman then brought this action to challenge the fee. In entering summary judgment for the Town, the District Court reasoned that:

> The Court finds that the fee is a reasonable condition under MCA 46-16-130 (1)(a)(v) [Pretrial Diversion]. The fee can be clearly linked to and necessary for supervision of a defendant during the time of a Deferred Prosecution Agreement. This is distinguishable from [*State v. Blackwell*, 2001 MT 198, 306 Mont. 267, 32 P.3d 771] where a defendant was required to pay for general court costs such as the Clerk of Courts Salary and [*State v. Stephenson*, 2008 MT 64, 342 Mont. 60, 179 P.3d 502] where there was an extra charge for a Community Service Program separate and apart from the sentence completed.[2]

---

[2] The Town defends Coleman's challenge to the DPA fee on the merits, as resolved by the District Court, and does not contest Coleman's standing to challenge the fee in this separate civil proceeding. Given Coleman's objection to the imposition of the fee in the DPA, and her obvious interest in resolving the pending criminal charges against her, we conclude Coleman has established standing to challenge the fee herein. *See K.N.M. v. M.M. (In re N.P.M.)*, 2020 MT 33, ¶ 11, 399 Mont. 1, 457 P.3d 962 (citation omitted) ("to meet the constitutional case-or-controversy requirement, the plaintiff must clearly allege a past, present, or threatened injury to a property or civil right.").

¶4 "We review a district court's summary judgment ruling de novo. Summary judgment is appropriate only when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law." *Renenger v. State*, 2018 MT 228, ¶ 6, 392 Mont. 495, 426 P.3d 559 (internal citations omitted). The facts herein are essentially undisputed.

¶5 Coleman notes the principle that a court's "power to impose a sentence is defined and constrained by statute," and, citing our decisions in *Blackwell*, *Stephenson*, and *City of Missoula v. Franklin*, 2018 MT 218, 392 Mont. 440, 452 P.3d 1285, all of which struck down the subject fees or fines as unauthorized, argues "[n]o express statutory authority exists for imposition of the fine Ms. Coleman was charged with paying as a condition of her deferred prosecution agreement." Noting that the statute relied upon by the District Court, § 46-16-130(1)(a)(v), MCA, "does not state that administrative fees may be imposed as a condition of a deferred prosecution agreement," Coleman contends "[b]y the reasoning employed by the Town, it could impose any fee or other condition, such as a $500 contribution to the Republican/Democrat Party of Montana or a $1000 tax-deductible contribution to CASA of Montana, in exchange for a deferred prosecution agreement and claim it was a 'reasonable condition.'" She further argues that the fee imposed was arbitrary and capricious because "[n]othing prevented the Town from imposing a $500 administrative fee—or reducing it to $1."

¶6 In answer, the Town concurs that a court's power to impose a sentence is constrained by statute, but argues because Coleman was never convicted of a crime or

sentenced, the cases cited by Coleman are not dispositive here. Rather, the issue is governed by the pre-trial diversion statute, under which the Town contends the DPA fee was authorized as "a reasonable condition of Coleman's pretrial diversion." Section 46-16-130, MCA, provides, in pertinent part:

> **Pretrial diversion.** (1) (a) Prior to the filing of a charge, the prosecutor and a defendant who has counsel or who has voluntarily waived counsel may agree to the deferral of a prosecution for a specified period of time based on one or more of the following conditions:
>
> (i) that the defendant may not commit any offense;
>
> (ii) that the defendant may not engage in specified activities, conduct, and associations bearing a relationship to the conduct upon which the charge against the defendant is based;
>
> (iii) that the defendant shall participate in a supervised rehabilitation program, which may include treatment, counseling, training, or education;
>
> (iv) that the defendant shall make restitution in a specified manner for harm or loss caused by the offense; or
>
> (v) any other reasonable conditions.

Citing to the record affidavits, the Town states that DPAs are conditioned on payment of "a reasonable fee associated with the costs of coordination and administration of the deferral and the agreement," including the time and expense of coordination between the prosecutor and the City Court, determining whether the conditions of the DPA were followed at the end of the deferral period, and "clerical costs and time." The Town thus argues the fee is "rationally related to the Town's legitimate objectives in providing deferred prosecutions . . . and avoiding the costs of litigation and trial."

5

¶7     Based on the record made in this case, we conclude the $25 fee imposed upon Coleman was authorized by § 46-16-130(1)(a)(v), MCA, as a "reasonable condition" of the deferral of her prosecution.  The statute does not limit reasonable conditions to nonmonetary ones, and the fee was not imposed for purposes we have determined in our sentencing cases to be unauthorized in that context.  Rather, the Town has offered undisputed evidence that the fee is used to cover the costs associated with the administration of DPAs, coordination of which remains an internal administrative responsibility of the Town.  If a DPA is violated and prosecution is recommenced (*see* § 46-16-130(1)(c), MCA), then the matter would continue before the City Court as governed by statute, including the assessment of allowable costs at the time of any sentencing.  Coleman offers a variety of other scenarios that theoretically "could" occur under the statute, but those did not occur here, and each case must be assessed upon its record, including the actual fee assessed or condition imposed, and the basis for doing so. Coleman argues alternatively that if we conclude the DPA fee was a reasonable administrative fee, the District Court nonetheless erred "by not permitting [a] jury to consider the material issue of fact for what constitutes 'reasonable.'"  However, it is difficult to see how a $25 fee could be viewed as anything but minimal and reasonable under these circumstances. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for

trial.'"). We conclude the District Court did not err as a matter of law by entering summary judgment upholding the DPA administrative fee.

¶8 Coleman offers briefly that "[i]n effect, two classes of defendants are created, those who can pay the fine necessary to obtain a deferred [prosecution] and those who cannot. Accordingly, the Town's practice is in violation of Ms. Coleman's and other defendants' right to equal protection under the law." However, neither the evidentiary record nor supported analysis has been developed to establish that the Town's DPA practices have created similarly situated classes under which some defendants benefitted while Coleman or others have suffered disadvantageous unequal treatment. The nominal DPA fee at issue presented no apparent obstacle to Coleman securing the desired benefit of the agreement.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶10 Affirmed.

/S/ JIM RICE

We concur:

/S/ INGRID GUSTAFSON
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER